342 A.2d 381

**John McCOWN**

v.

**INTERNATIONAL HARVESTER COMPANY,**
**a corporation, Appellant.**

Supreme Court of Pennsylvania.

Argued March 13, 1975

Decided July 7, 1975.

Rehearing Denied Aug. 19, 1975.

Kim Darragh, Pittsburgh, for appellant.

Edwin H. Beachler, III, McArdle, Henderson, Caroselli, Laffey & Beachler, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

Appellant, manufacturer of large over-the-road tractors, was held liable under Section 402A of Restatement (Second) of Torts (1965) for the injuries sustained by the appellee in a one-vehicle accident. The Superior Court affirmed and we granted allocatur limited to the issue of the availability of contributory negligence as a defense to a 402A action.

Appellee was injured while driving a tractor manufactured by appellant. The design of the steering mechanism of the tractor made the vehicle unusually difficult to maneuver. Specifically, twelve to fifteen percent more mechanical effort than that normally expended had to be applied to the steering wheel to accomplish any given turn. Appellee, after driving the vehicle for several hours, stopped for an equipment check on the blacktopped shoulder of the Pennsylvania Turnpike. After completing the inspection the appellee proceeded to reenter the Turnpike.

Unrelated to any steering difficulty appellee struck a guardrail adjoining the shoulder with the right front tire of the tractor. This collision caused the steering wheel to spin rapidly in the direction opposite to the turn. The spokes of the spinning steering wheel struck appellee's right arm, fracturing his wrist and forearm. Evidence adduced at trial indicated that the force and speed of the steering wheel's counterrotation were directly related to the design of the steering mechanism.

For the purposes of this appeal appellant concedes the defect in the steering system's design, but argues that appellee's contributory negligence in colliding with the guardrail should at least be considered in determining appellee's recovery. We disagree and affirm.

In *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966), this Court adopted Section 402A of the Restatement and in *Ferraro v. Ford Motor Co.*, 423 Pa. 324, 223 A.2d 746 (1966), permitted the assertion of assumption of the risk as a defense to a 402A action, citing with approval comment *n* to Section 402A. Today, we complete our acceptance of the principles delineated in comment *n* [1] by re-

1. The portion of comment *n* relevant to this opinion is as follows:
   "Contributory negligence of the plaintiff is not a defense when such negligence consists merely in a failure to discover the defect in the product, or to guard against the possibility of its existence."

jecting contributory negligence as an available defense in 402A cases.[2]

Appellant's position that contributory negligence should affect 402A liability could have two possible applications. Either contributory negligence should serve to diminish any recovery in an amount adjudged equal to a plaintiff's lack of care, or as in most other tort actions, contributory negligence should be available as a complete defense to liability.

Acceptance of the appellant's first alternative would create a system of comparative assessment of damages for 402A actions. Neither the General Assembly by statute nor this Court by case law has established such a scheme of comparative negligence in other areas of tort law. Without considering the relative merits of comparative negligence, we think it unwise to embrace the theory in the context of an appeal involving Section 402A.[3]

Adoption of contributory negligence as a complete defense in 402A actions would defeat one theoretical basis for our acceptance of Section 402A.[4] "Our courts have determined that a manufacturer by marketing and advertising his products impliedly represents that it is safe for its intended use." *Salvador v. Atlantic Steel Boiler Co.*, 457 Pa. 24, 32, 319 A.2d 903, 907 (1974). Based on that implied representation is the consumer's assumption that a manufacturer's goods are safe. Recognition of consumer negligence as a defense to a 402A action would

2. Recently, we did suggest our rejection of contributory negligence as a defense to 402A liability in *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893, (filed May 13, 1975), per Mr. Chief Justice Jones with Mr. Justice Eagen, Mr. Justice O'Brien and Mr. Justice Manderino concurring in the result and Mr. Justice Roberts and Mr. Justice Pomeroy filing separate concurring opinions.

3. To initially apply a theory of comparative negligence to an area of the law in which liability is not premised on negligence seems particularly inappropriate.

4. *See Kassab v. Central Soya Co.*, 432 Pa. 217, 230 n. 6, 246 A.2d 848, 854 n. 6 (1968).

contradict this normal expectation of product safety. One does not inspect a product for defects or guard against the possibility of product defects when one assumes the item to be safe. The law should not require such inspection or caution when it has accepted as reasonable the consumer's anticipation of safety. We reject contributory negligence as a defense to actions grounded in Section 402A.[5]

Judgment affirmed.

Mr. Justice ROBERTS did not participate in the consideration or decision of this case.

Mr. Justice POMEROY filed a concurring opinion.

POMEROY, Justice (concurring).

I agree with the Court that negligence by the plaintiff should not necessarily bar recovery in a products liability action brought pursuant to Section 402A of the Restatement (Second) of Torts; I also agree that McCown's conduct in the instant case—misjudging whether the tractor he was driving would clear a guard rail as he was leaving the parking area—should not bar his recovery from the appellant. The purpose of this opinion is to place the Court's decision in what I perceive as its proper perspective.

Contrary to what the opinion of the Court seems to suggest, the answer to the question presented by this appeal is not to be found altogether in the language of Comment to Section 402A. Comment *n* provides, on the one hand, that the negligent failure to discover a defect in a product or to guard against the possibility of its ex-

---

5.  *Cf. Federoff v. Harrison Construction Co.*, 362 Pa. 181, 66 A.2d 817 (1949), wherein we adopted Section 519 of the Restatement of Torts (1938), which excluded contributory negligence as a defense to an action involving ultrahazardous activity. *See also Lobozzo v. Adam Eidemiller Co.*, 437 Pa. 360, 263 A.2d 432 (1970); Section 484, Restatement (Second) of Torts (1965), and Annot., 46 A.L.R. 3d 240 (1972).

istence is not defense to a strict liability action, and, on the other hand, that assumption of risk is a defense. But the conduct of John McCown, the appellee, fits into neither of the above categories. His negligence, if any, was the manner of his operation of an International Harvester tractor. Although Comment $n$ is silent with regard to the consequences of negligent use of a product, it points to a resolution of the issue by referring to Section 524 of the Restatement (Second) of Torts.[1] That section provides that in general "the contributory negligence of the plaintiff is not a defense to the strict liability of one who carries on an abnormally dangerous activity."[2] Neither the Comments to Section 524 nor Comment $n$ to Section 402A offer a rationale for the application of this rule in products liability cases, but I am satisfied that the elimination of the defense of plaintiff's negligence is in accord not only with the weight of authority in other jurisdictions[3] but also with the policy which underlies the concept of strict liability in tort.

The strict liability of Section 402A is founded in part upon the belief that as between the sellers of products and those who use them, the former are the better able to

**1.** Comment $n$ to Section 402A provides in part: "Since the liability with which this Section deals is not based upon negligence of the seller, but is strict liability, the rule applied to strict liability cases (see § 524) applies."

**2.** In their treatise on the law of Torts, Professors Harper and James state as follows the rationale for the rule that contributory negligence is not a defense to the strict liability of one engaged in an extra-hazardous activity:

"Society has, in effect, permitted defendant's activity on the condition that he compensate those injured by its peculiar hazards and has thereby transferred some of the duty that protects potential victims from the victims themselves to the entrepreneur. In such a context ordinary questions of negligence on either side of the scale become irrelevant. Human failings like inadvertence are simply part of the setting that makes a toll of the enterprise inevitable." (Footnotes omitted).
2 F. Harper & F. James, The Law of Torts, § 22.7 at 1216–17 (1956).

**3.** See Annotation, 46 A.L.R.3d 240 (1972); R. Hursh, American Law of Products Liability § 52:26 (Supp.1973).

bear the losses caused by defects in the products involved. See *Bialek v. Pittsburgh Brewing Company*, 430 Pa. 176, 187 n. 2, 242 A.2d 231, 236 n. 2 (1968); Restatement (Second) of Torts § 402A, Comments *c* & *f*. This greater loss-bearing capacity is unrelated to negligence in the manufacture or marketing of products. Indeed, retail and wholesale sellers of chattels are themselves often in no position to discover or avoid defects in their inventories, even by the exercise of a high degree of care. Thus, defendants in Section 402A actions are subjected to liability without regard to fault. It is a proper corollary to this principle that the lesser loss-bearing capacity of product users exists independently of their negligence or lack of it. It follows that such negligence should not ordinarily or necessarily operate to preclude recovery in a strict liability case. On the other hand, where assumption of risk is involved, the "loss-bearing" policy underlying Section 402A is outweighed by a countervailing policy, one which refuses recovery to persons who consciously expose themselves to known dangers. This policy is deemed stronger than the one, reflected in the normal law of contributory negligence, which denies recovery to individuals whose conduct is merely lacking in due care under the circumstances.

This is not to say, however, that evidence of ordinary negligence on the part of a plaintiff is never relevant in a Section 402A action; such evidence may bear directly upon the determination of whether the plaintiff has proved all the elements necessary to make out a cause of action. Thus, negligence in the use of a product may tend to show that the plaintiff caused a defect and therefore that the product was not defective when sold. See Comment g to Section 402A. Again, if the negligent use of a product amounts to abnormal use, it may be inferred that the product was not defective at all, for a product is not defective if it is safe for normal handling and use. See Comment h to Section 402A. Similarly, negligence

in the use of a product may have a bearing on the question whether a defect in a product was the legal cause of the plaintiff's injury. See Restatement (Second) of Torts §§ 5 and 9 and the Comments to these sections.[4]

What has been said is not intended as an exhaustive listing of the purposes for which evidence of the plaintiff's negligence may be relevant in Section 402A cases. It is intended merely to indicate that, although such negligence is not per se a bar to recovery, it may nevertheless have that effect in a proper case where it negates an essential element of the cause of action. I do not read the opinion of the Court as suggesting anything to the contrary.

---

4. Cf. Section 2–715 of the Uniform Commercial Code, 12A P.S. § 2–715, which provides that consequential damages arising from a seller's breach of a contract for the sale of goods include "injury to person or property *proximately resulting from any breach of warranty.*" (Emphasis added). Comment 5 to this Section indicates that the negligent failure to discover a defect in a product may remove the defect as the proximate cause of any injury which may thereafter result in connection with use of the defective product.