William H. Mosholder and Delores McMinn, as the Administratrix of the Estate of Daniel W. Mosholder v. Greene County Industrial Development Corp. and Sherwood Builders v. Municipal Authority for the Borough of Carmichaels et al. Sherwood Builders, Appellant.

Argued December 6, 1979, before Judges WILKINSON, JR., ROGERS and BLATT, sitting as a panel of three.

*Stephen D. McCloskey,* with him, *William D. Phillips,* of *Phillips and Faldowski,* for appellant.

*James F. Israel,* with him, *Arthur Gorr, Thomas Hook* and *Walter F. Froh,* Assistant Attorney General, for appellees.

OPINION BY JUDGE BLATT, February 15, 1980:

Daniel W. Mosholder (decedent) was killed in a job-related accident while in the employ of the Municipal Authority for the Borough of Carmichaels (Authority). His personal representatives subsequently commenced an action in trespass in the Court of Common Pleas of Greene County against Greene County Industrial Development Corporation and Sherwood Builders (Sherwood), which are respectively the owners of and general contractor for the construction project on which the decedent was working. Sherwood then joined the Municipal Authority as a third-party defendant, alleging that the accident site was under the Authority's direction and control. The Authority demurred, arguing that, as the decedent's employer, it was immune from suit under Section 303(b) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* added by the Act of December 5, 1974, P.L. 782, 77 P.S. §481(b), which provides:

> In the event injury or death to an employe is caused by a third party, then such employe,

his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

The lower court sustained the demurrer and dismissed the Authority; this appeal followed.[1]

Sherwood argues here (1) that Section 303(b) does not prohibit the joinder of the Authority in this case, and (2) that, if it does, it is unconstitutional. We need not consider these arguments at any length, however, for they have already been considered by our courts and resolved adversely to Sherwood's position.

Regarding the interpretation of Section 303(b), our Supreme Court observed that before the enactment of this section a defendant could join an employer and present evidence concerning its negligence, but that "the enactment of Section 303(b)

---

[1] Although we are of the opinion that we do not have jurisdiction in this case under Section 402(4) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, 17 P.S. §211.402, now Section 762(4) of the Judicial Code, 42 Pa. C.S. §762(4), on which the appellant relies, we have decided this case under Section 704(a) of the Judicial Code, 42 Pa. C.S. §704(a), in the interest of judicial economy. *See City of Pittsburgh v. Rue*, 38 Pa. Commonwealth Ct. 187, 188 n. 2, 393 A.2d 1066, 1067 n. 2 (1978).

has foreclosed the adjudication of the liability of the employer." *Bell v. Koppers Co.*, 481 Pa. 454, 458, 392 A.2d 1380, 1382 (1978). *See Hefferin v. Stempkowski,* 247 Pa. Superior Ct. 366, 372 A.2d 869 (1977). We must conclude therefore that the Authority could not properly be joined in the trespass action.

As to the constitutionality of Section 303(b), we note that it has been upheld by our Superior Court, *Tsarnas v. Jones & Laughlin Steel Corp.,* Pa. Superior Ct. , 396 A.2d 1241 (1978), and by a federal district court, *Albrecht v. Pneuco Machinery Co.,* 448 F. Supp. 851 (E.D. Pa. 1978). We therefore see no need to re-examine this issue.

Accordingly, we shall affirm the order of the court of common pleas dismissing the Authority as third-party defendant.

### ORDER

AND Now, this 15th day of February, 1980, the order of the Court of Common Pleas of Greene County sustaining the demurrer of the Municipal Authority for the Borough of Carmichaels and dismissing it as a third-party defendant is hereby affirmed.

Judge DiSALLE did not participate in the decision in this case.