**David B. HAMME, Plaintiff,**

v.

**DREIS & KRUMP MANUFACTURING COMPANY, Defendant.**

Civ. A. No. 80–0684.

United States District Court,
M. D. Pennsylvania.

April 15, 1981.

John J. Moran, II, York, Pa., for plaintiff.

James Evans, Goldberg, Evans & Katzman, Harrisburg, Pa., for Dreis.

William C. Gierasch, Jr., York, Pa., for Cole Business Furniture.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff, David B. Hamme, initiated this action on June 9, 1980, claiming Defendant Dreis & Krump Manufacturing Company was liable for injuries sustained by plaintiff on September 8, 1978, when a steel power press broke and severed three of plaintiff's fingers. On July 31, 1980, the defendant filed a third-party complaint to join Hamme's employer, Cole Business Furniture, as an additional defendant. Defendant specifically limited the purpose of the joinder, claiming it was "solely for the purpose of enabling the jury and the court to determine comparative negligence and/or

fault of all parties to this action." (Defendant's Third-Party Complaint, p. 3.)

On October 24, 1980, Cole filed a motion to dismiss the third-party complaint, pursuant to Federal Rule of Civil Procedure 12(b), alleging that an employer may not be made a party to an action of an employee for damages arising out of injuries that occur in the course of employment. All parties have briefed the matter and it is ripe for determination by the court.[1]

■ The court initially faces two issues. First, may the concept of comparative negligence be applied in product liability cases that rely upon strict liability theories for recovery. Second, may the employer be joined as an additional defendant for the sole purpose of determining comparative negligence in an action brought by an employee against a third party for injuries sustained while working in the scope of his employment. Because of the court's finding that an employer may not be joined as an additional defendant in this case, it need not address whether comparative negligence concepts are permissible in strict liability cases under Pennsylvania law. Therefore, the court expresses no opinion on that as yet unsettled issue.[2]

At issue in the case is the interpretation of the 1974 amendment to the Pennsylvania Workman's Compensation Act (hereinafter referred to as the "Act"), Act of June 2, 1915, P.L. 736, *as amended by*, Act of December 5, 1974, P.L. 782, 77 P.S. § 481(b), which reads as follows:

(b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contribution, or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action. (Hereinafter referred to as § 303(b).)

■ The specific issue facing this court, whether or not an employer may be joined as an additional defendant for the *sole* purpose of determining fault or degree of negligence among the parties in an action commenced by an employee for injuries sustained while working in the scope of his employment, has never been specifically before an appellate court in Pennsylvania.[3]

1. Defendant filed a motion to compel Cole to answer interrogatories and to produce certain documents pursuant to Federal Rule of Civil Procedure 37. Since Cole's motion to dismiss will be granted, defendant's motion for sanctions and to compel is moot.

2. In *McCown v. International Harvester Co.*, 463 Pa. 13, 16, 342 A.2d 381, 382 (1975), the court stated, "Without considering the relative merits of comparative negligence, we think it unwise to embrace the theory in the context of an appeal involving Section 402A.[3]"

In footnote 3, the court went on to say, "To initially apply a theory of comparative negligence to an area of the law in which liability is not promised on negligence seems particularly inappropriate." *Id.*

The *McCown* case, however, was decided prior to Pennsylvania's inactment of a comparative negligence statute. While the court in *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 766 (3d

Cir. 1977) stated, "We believe that *McCown v. International Harvester Co., supra*, is evidence that Pennsylvania's courts would not allow the introduction of such comparative negligence principles into a § 402A case . . . .", the court went on to find that the comparative negligence statute was not applicable in the case before it. *Id.* at 764, n.3. As yet there has been no definitive answer by the Pennsylvania courts.

3. A cursory review of the relevant cases reveals that some cases were based upon strict liability concepts while others were based upon negligence concepts. The court indicated in footnote 2, *supra*, that it is not clear whether comparative negligence concepts may be used in strict liability cases. For purposes of discussing the joinder issue, the court *assumes* that such use is permissible and will not distinguish the cases on the basis upon which recovery is sought.

That is not to say, however, that this issue has never been discussed in the appellate courts. In addition, various trial courts, both state and federal, have grappled with this issue. A brief review of the relevant cases is warranted.

### State Trial Court Cases

Three state trial courts have addressed the issue presently before this court, with differing results. In *Yeagley v. Metropolitan Edison Co.*, No. 3316 (Leb.Pa.C.P., May 13, 1980) and *Flack v. Calabrace*, No. 9431 of 1978 (West., Pa.C.P., Aug. 28, 1980) the court held that where the *sole* purpose of joinder of the employer was to determine the comparative negligence of all potentially negligent persons, and not to assess damages, contribution, or indemnity, it should be granted. In arriving at this determination, the court in *Yeagley* attempted to distinguish the Pennsylvania Superior Court's holding in *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977), asserting that § 303(b) of the Act did not expressly prohibit the joinder of an employer for the purpose of determining comparative negligence, only for damages, contribution, or indemnity. However, as will be discussed *infra*, this court is not persuaded that *Hefferin* is distinguishable, particularly in light of the express language of the concurring and dissenting opinions.

In *Heckendorn v. Consolidated Rail Corporation*, No. 3781 of 1979 (Cumb., Pa.C.P., Aug. 25, 1980) the court held that joinder of the employer is not permitted in accordance with the appellate court decisions of *Bell v. Koppers*, 481 Pa. 454, 392 A.2d 1380 (1978); *Arnold v. Borbonus*, 257 Pa.Super. 110, 390 A.2d 271 (1978); *Hefferin v. Stempkowski*, 247 Pa.Super. 366, 372 A.2d 869 (1977); and *Mosholder v. Green County Industrial Development Corporation*, 49 Pa.Cmwlth. 340, 411 A.2d 1262 (1980). The court in *Heckendorn* went on to say that it "must apply the statute as it has been construed by our appellate courts, however unjust the outcome." (Page 5 of the slip opinion).[4]

### State Appellate Court Cases

As mentioned previously, while the specific issue before this court has never been squarely before a Pennsylvania appellate court for determination, it has been discussed in several cases. The Superior Court of Pennsylvania in *Hefferin, supra,* held that § 303(b) of the Act made it a complete substitute for the common law tort actions by an employee against his or her employer. The court went on to state, "the intention of the amendments to Section 303 was to grant the employer *total* immunity from third party actions," and later stating this "bars its [employers] joinder as an additional defendant in this action. The employer's right to subrogation remains unchanged." *Id.* at 372 A.2d 871 (emphasis added). In a concurring opinion, Judge Van der Voort indicated that while the "amended act does not expressly provide that the employer cannot be joined as an additional defendant by an original third party defendant," he believes it was "the intention of the Legislature to preclude the joining of the employer by an alleged third party tortfeasor." *Id.* at 372 A.2d 872.

Slightly more than one year later, the Superior Court of Pennsylvania reiterated its position in *Arnold, supra,* wherein it stated, "We agree that the 1974 amendment to § 303(b) manifests a broad legislative intent to *bar the joinder* of an employer as an additional defendant." *Id.* at 390 A.2d 273. (footnote omitted) (emphasis added).

The *Arnold* opinion is particularly instructive in that the defendant sought to join the employer solely to determine subrogation rights of the parties, not "damages, contribution or indemnity," which are expressly prohibited by the statute. This is comparable to the argument defendant makes in the case *sub judice*, that the sole purpose of joinder was to determine the respective degrees of negligence. In his concurring opinion, Judge Spaeth supported the conclusion that the majority opinion

---

**4.** It is noted that neither the *Yeagley, Flack,* nor *Heckendorn* cases address the issue of whether or not comparative negligence con-

cepts may be used in strict liability cases. It is apparently presumed that they may be so used.

bars *any* joinder of the employer by the following discussion:

Since *Hefferin,* however, the employer may not be joined as an additional defendant. The result is that one of two equally negligence tortfeasors—the third party—bears the entire burden of the judgment. *Since the employer is not—cannot be—a party to the suit,* the third party cannot get contribution from the employer commensurate with the employer's fault. The employee, on the other hand, may have the opportunity to recover twice: once by the full judgment against the third party, and once through workmen's compensation; *for if the employer comes against the employee for subrogation, the employee may defend on the ground that the employer was at fault and is thus disabled from getting reimbursed through subrogation. If the employee fails, or is not permitted to prove the employer's fault, the employer will recoup the workmen's compensation payments and thus in the end pay nothing*—despite having been at fault. Either outcome—a double recovery for the employee, or a negligent employer who pays nothing—represents an injustice; additionally, the third party is forced to bear the full burden of the judgment when he was only partially at fault.[3] (emphasis added).

.    .    .    .    .

I find it impossible to believe that the Legislature could have intended such a result. Yet the language of § 481(b) is difficult to interpret otherwise, as Judge VAN der VOORT observed in his concurring opinion in *Hefferin.* Judge PRICE's dissents in *Hefferin* and in the present case offer an appealing alternative, but one that cannot be reached except in the teeth of § 481(b)—or so at least it seems to me.

In these circumstances I believe that the very least we should do is to urge the Legislature to reconsider § 481(b). I also believe, however, that we should do more than that, which is why I have entitled this opinion a concurring and dissenting

opinion. Rather than decide the case now, we should set it down for reargument with instructions to counsel to address the problem of the injustice that § 481(b) works, if *Hefferin* stands.

[3] [W]here the third party is innocent of negligence but is sued nonetheless, it is possible that the third party will refute the allegation of negligence without having the employer, the real tortfeasor, in court as an additional defendant. However, in this case *Hefferin* still prevents the third party from offering the jury the *real* negligent party in person, thereby creating the risk that the jury will find against the third party more as a matter of sympathy for the employee than as a matter of evidence. *Id.* at 390 A.2d 274–75. (footnotes 4 and 5 omitted) (emphasis in original).

Judge Spaeth's opinion indicates that the court in *Arnold* was well aware of the inequities an absolute bar on the joinder of the employer as an additional defendant creates in those cases similar to the one presently before the court. But it is the opinion of the court in *Arnold,* as clarified by Judge Spaeth's concurring and dissenting opinion, that such an absolute bar is required by section 303(b) as written and that the Pennsylvania Legislature should resolve the inequities, not the Pennsylvania courts.

The Supreme Court of Pennsylvania has not addressed the specific issue presently before this court but it has had occasion to review the immunity afforded an employer by section 303(b) in other contexts. In *Bell v. Koppers Co., Inc.,* 481 Pa. 454, 392 A.2d 1380 (1978), the court held, "However, the enactment of Section 303(b) has foreclosed the adjudication of the liability of the employer." *Id.* at 392 A.2d 1382, citing *Hefferin v. Stempkowski, supra.* In *Tsarnas v. Jones & Laughlin Steel Corp.,* 488 Pa. 513, 412 A.2d 1094 (1980) the court stated, "In *Hefferin, supra,* the Superior Court held that this amendment granted employers *total immunity* from third party actions. See *Arnold v. Borbonus,* 257 Pa.Super. 110, 390 A.2d 271 (1978)." *Id.* at 412 A.2d 1096 (emphasis added). It would appear that the Supreme Court of Pennsylvania agrees, impliedly if not expressly, with the position taken by the Superior Court of Pennsylvania in *Hefferin* and *Arnold.*

As discussed previously, this court is of the opinion that in the *Hefferin* and *Arnold* opinions, the Superior Court interpreted § 303(b) as a total bar to the joinder of an employer as an additional defendant for *any* purpose; indicating that a more restrictive interpretation would be contrary to the "broad legislative intent to bar joinder of an employer as an additional defendant." *Arnold, supra* at 390 A.2d 273. (footnote omitted). While it is true that the precise issue that is presently before this court was not the precise issue before the Pennsylvania Superior Court in *Hefferin* or *Arnold*, nor the precise issue before the Pennsylvania Supreme Court in *Bell* or *Tsarnas*, the discussion and guidance given by the respective courts in those cases may not be ignored. Federal district courts are not bound by decisions of lower state courts, when the highest court has not decided the issue, but those lower court decisions are to be afforded "proper regard." *Commissioner of Internal Revenue v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967); *Perschka v. Brierley*, 322 F.Supp. 411 (W.D.Pa.1971). It is not clear what position Pennsylvania's highest court would take on the issue presently before this court. However, this court is persuaded by *Hefferin* and *Arnold* that the appellate courts of Pennsylvania believe the intent of the Pennsylvania Legislature in enacting § 303(b) was to create an absolute bar to the joinder of the employer as an additional defendant.

*Federal District Court Cases.*

Two federal district courts have addressed this issue; one finding that an absolute bar was created by § 303(b), the other finding that the joinder of an employer for the sole purpose of determining comparative negligence was permissible, particularly in light of the inequities created if joinder were not permitted.[5] This court does not contend that inequities do not result from the absolute bar of the employer's joinder, such inequities were considered in the *Hefferin* and *Arnold* cases. But it is possible that these inequities may be alleviated by methods other than the joinder of an employer as an additional defendant.[6] In any event, it is within the province of the Pennsylvania Legislature to remedy the inequities perpetrated by § 303(b) and to select the appropriate means. For the foregoing reasons, the court will grant Cole's motion to dismiss.

---

**5.** In *Shaner v. Caterpillar Tractor Co.*, 483 F.Supp. 705 (W.D.Pa.1980), the court held

> It is clear from the foregoing, that under the substantive law of Pennsylvania an employer is absolutely and completely immune from suit as a party for any purpose in an action brought by an injured employee against a third party to recover damages arising out of employment related injuries. *Id.* at 708.

A more restrictive reading of the immunity of employers in these types of actions was made in *Schaeffer v. Didde-Glaser, Inc.*, 504 F.Supp. 613 (M.D.Pa., 1980). The court in *Schaeffer* distinguished *Hefferin* and *Arnold* and held that preventing the joinder of an employer as an

additional defendant in cases such as these for the sole purpose of determining comparative negligence, created gross inequities. The court opined, "We cannot accept the gross inequities that might otherwise arise and we do not believe that the general assembly or Pennsylvania appellate courts would permit such results either." (Page 5 of the slip opinion.)

**6.** See *Arnold, supra,* at 390 A.2d 275 (Judge Spaeth's concurring and dissenting opinion); *Hardware Mutual Casualty Co. v. Harry Crow & Sons, Inc.*, 6 Wis.2d 396, 94 N.W.2d 577 (1959).