Alice BIKE

v.

**AMERICAN MOTORS CORPORATION, et al.**

**Civ. A. No. 81–2510.**

United States District Court, E.D. Pennsylvania.

Aug. 18, 1983.

John M. Fitzpatrick, John F. O'Brien, Philadelphia, Pa., for plaintiff.

Joseph V. Pinto and William J. Conroy, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

In June 1979 a Jeep in which plaintiff was riding swerved to avoid hitting deer. The sudden, evasive maneuver caused the Jeep to roll over; the vehicle's driver was killed and plaintiff, a passenger, sustained serious injuries. Plaintiff instituted this action against the driver's estate and the manufacturer of the Jeep, American Motors Corporation (AMC). She charged that the driver was negligent and that AMC marketed a defectively designed vehicle. AMC, moving to dismiss, asserts that we lack subject matter jurisdiction because plaintiff and the administrator of the driver's estate are citizens of Pennsylvania. Plaintiff, responding, dismissed all claims against the driver's estate pursuant to Fed.R.Civ.P. 41. She now asserts that the jurisdictional defect has been cured and urges that we may properly adjudicate this matter. AMC disagrees and claims that the driver's estate is an "indispensable party" within the meaning of Fed.R.Civ.P. 19 and that the entire action should be dismissed. We disagree and deny AMC's motion to dismiss.

Fed.R.Civ.P. 21 provides that "parties may be dropped or added at any stage of the action ... and on such terms as are just". A court's ability to dismiss a non-diverse defendant is, however, "hedged", *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 66 (3d Cir.1978), by Fed.R.Civ.P. 19 which requires that "indispensable parties" participate in the litigation. *See, Publicker Industries v. Roman Ceramics*, 603 F.2d 1065, 1068–69 (3d Cir. 1979). Determination of whether a party is "indispensable" within the meaning of the rule does not admit to facile resolution by reference to any self-executing formula. Rather, the inquiry turns upon notions of prejudice, equity and good conscience, *Lang v. Windsor Mount Joy Mutual Ins. Co.*, 487 F.Supp. 1303, 1307 (E.D.Pa.), *aff'd,* 636 F.2d 1209 (3d Cir.1980), and the wording of the rule itself.

Fed.R.Civ.P. 19(a) provides in relevant part that joinder of a party "shall" be accomplished if

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest.

Where joinder of such a party cannot be accomplished, Fed.R.Civ.P. 19(b) obliges courts to determine whether, in "equity and good conscience" the action should proceed without the party or whether the action should be dismissed. In making this decision a number of factors should be considered, four of them are:

first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b).

In the case at bar, plaintiffs originally alleged that the accident was caused either

by AMC or the driver or by both of these parties. As such, the complaint alleged that AMC and the driver were "joint tortfeasors" in that the act of each defendant was concurrent with, or contributing to, plaintiff's injuries. *Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180, 1185 n. 6 (S.D.N.Y.1979), citing *Alabama Great Southern R. Co. v. Allied Chemical Corp.,* 501 F.2d 94, 98 n. 4 (5th Cir.1974); *cf., Rutherford v. Gray Line, Inc.,* 615 F.2d 944, 948 (2nd Cir.1980) (noting that the Uniform Contribution Among Tortfeasors Act, 42 Pa.Con.Stat.Ann. § 8321 *et seq.,* defines the term "joint tortfeasors" "quite broadly".)

Importantly, adoption of Rule 19 did not alter the "well-established" rule that litigation should normally proceed even in the absence of a joint tortfeasor, *Herpich v. Wallace,* 430 F.2d 792, 817 (5th Cir.1970); this, because joint tortfeasors are "merely permissive, . . . not indispensable" parties. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 298 n. 7 (3d Cir.1980). Hence, courts generally hold that where a plaintiff sues multiple defendants under accepted principles of joint and several liability, plaintiff retains the "privilege of selecting his defendant". *Wylain, Inc. v. Kiddie Consumer Durables, Inc.,* 74 F.R.D. 434 (D.Del.1977).

*Field v. Volkswagenwerk AG, supra,* involved facts similar to those at bar. There, a van driven by plaintiff was involved in a single vehicle accident. The driver and one passenger were seriously injured; a second passenger was killed. The defendant moved to dismiss upon learning that diversity did not exist between it and the driver. Responding, the driver sought leave to withdraw her individual claim and permission to file an amended complaint to cure the jurisdictional defect. The district court dismissed the complaint for lack of jurisdiction because it deemed the driver an "indispensable party" with respect to the claims asserted by her co-plaintiffs. The district court apparently believed the van's operator was "indispensable" because her possible negligence was an issue in the case. *Field v. Volkswagenwerk AG,* 626 F.2d at 297.

The Third Circuit reversed. *Field v. Volkswagenwerk AG,* 626 F.2d at 298. It held that even if the negligence of the driver constituted a valid defense to her individual claim against the manufacturer, her negligence could not be attributed to either of the passengers. The court observed that if joint tortfeasor status between the driver and the manufacturer could be established, then the manufacturer would obtain a judgment against the driver for contribution or indemnification. However, the *possibility* that the manufacturer might have a right of reimbursement, contribution or indemnification is an insufficient reason to view the driver, joint tortfeasor, as indispensable. Continuing, *Field* held that the proper method of placing driver error before the jury is for the manufacturer to commence a third-party action. *See,* Fed.R.Civ.P. 14(a). *Field v. Volkswagenwerk AG,* 626 F.2d at 298. Simply stated, *Field* rejected the notion that the driver of a vehicle is an indispensable party in a suit against the vehicle's manufacturer. It also rejected the theory that joint tortfeasors must be joined.

Here, plaintiff claims that the manufacturer was the cause of the accident. This claim may be asserted without joining the vehicle's driver. As in *Field,* any driver error which may have existed cannot be attributed to plaintiff, a passenger. There is simply no compelling legal reason why plaintiff cannot institute and litigate an action directly against one of the two parties which may have caused her injuries. If AMC, the manufacturer, believes that driver error caused the accident, then *it* may commence an action against the driver. That is its *option.* Commencement of such an action is not plaintiff's *obligation.*

Because we conclude that neither "prejudice, equity" nor "good conscience" require the driver's presence, we shall issue an appropriate order denying defendant's motion to dismiss.