Alice BIKE

v.

**AMERICAN MOTORS CORPORATION.**

Civ. A. No. 81–2510.

United States District Court,
E.D. Pennsylvania.

Feb. 27, 1984.

John M. Fitzpatrick, Dilworth, Paxson, Kalish & Levy, Philadelphia, Pa., for plaintiff.

Joseph V. Pinto, Philadelphia, Pa., for American Motors.

John B. Lieberman, III, Pottsville, Pa., for Estate of Joseph Kuklis, deceased.

MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff was injured in an automobile accident. She initially brought suit against defendant American Motors Corporation (AMC) and Albert J. Kuklis. AMC is the manufacturer of the Jeep in which plaintiff was a passenger and Kuklis is the administrator of the estate of the deceased driver of that same vehicle. Plaintiff voluntarily dismissed the estate as a defendant to preserve this Court's subject-matter jurisdiction. Thereafter, AMC filed a motion to dismiss for failure to join an indispensable party. We denied that motion in our Memorandum and Order of August 18, 1983. *Bike v. American Motors Corp.*, 99 F.R.D. 276 (E.D.Pa.1983).

In our prior memorandum, we held that an alleged joint tortfeasor is not an indispensable party within the meaning of FED. R.CIV.P. 19(a), but rather a permissive party. *Bike, supra,* at 278; *Field v. Volkswagenwerk AG*, 626 F.2d 293, 298 n. 7 (3d Cir.1980). Therefore, we concluded that a defendant seeking contribution or indemnification from an alleged joint tortfeasor may, at its option commence a third-party action against the joint tortfeasor. *Bike, supra,* at 278; *Field v. Volkswagenwerk AG*, 626 F.2d at 298; FED.R.CIV.P. 14(a). We did *not* suggest a third-party action in *this* suit by reason of the resultant complications and uncertainties hereinafter discussed.

The defendant, AMC, has now filed the instant motion seeking leave of court to file a third-party complaint against the estate of the deceased driver. Its third-party complaint sounds in negligence. By contrast, plaintiff's complaint against AMC is based primarily on a product liability theory [1], *i.e.*, that AMC designed, manufactured and sold a vehicle which was in a defective condition and that the defective condition was a substantial factor in causing the harm to the plaintiff. In answering the complaint, AMC raises the alleged negligence of the deceased driver as a defense to the strict liability claim. Specifically, AMC claims that the driver's negligence, recklessness or misuse of the Jeep was a superseding cause of the accident which broke the causal link between the alleged defect in the vehicle and the injuries sustained by the plaintiff. Now, by virtue of its proposed third-party complaint, AMC additionally claims that the driver's negligence entitles it to indemnification or complete contribution for any amount which the plaintiff might be awarded against it.

▪ Under FED.R.CIV.P. 14(a), a defendant has the option of bringing into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him". Determinations as to the propriety of a proposed third-party complaint are committed to the sound discretion of the Court. *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983), *Jagielski v. Package Machine Company*, 93 F.R.D. 431, 433 (E.D.Pa.1981). Considering the real and perhaps insolua-

ble complications involved (see footnote 1, *supra*) it is evident that discretionary joinder, as opposed to automatic joinder, is an absolute necessity. Importantly, "a third-party defendant may not be impleaded on the basis that he is solely liable to the plaintiff". *Novinger v. E.I. Dupont de-Nemours and Co., Inc.*, 89 F.R.D. 588, 594 (M.D.Pa.1981); *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 368 n. 3, 98 S.Ct. 2396, 2399 n. 3, 57 L.Ed.2d 274 (1978); *Millard v. Municipal Sewer Authority of Lower Makefield Township*, 442 F.2d 539, 541 (3d Cir.1971).

▪ Contrary to the dictates of controlling case law, AMC's proposed third-party complaint asserts that the driver, through his negligence in operating the Jeep, is *solely* liable to the plaintiff. Nowhere does AMC allege facts which would support a finding of joint and several liability between it and the deceased driver. Instead, it refutes any liability on its part and seeks to impose sole responsibility for the accident on the driver. "A third party plaintiff's claim may be asserted under this rule only when the third party defendant's liability is derivative or secondary". *Tesch v. United States*, 546 F.Supp. 526, 529 (E.D. Pa.1982). Consequently, the proposed third-party complaint is improper under FED.R.CIV.P. 14(a) and requires that we deny AMC's motion for leave to join a third-party defendant.

Even assuming AMC's third-party complaint complied with the requirements of Rule 14(a), alternative support for our deci-

1. Plaintiff has also included a count in negligence and a count in breach of warranty. However, in our experience and without exception, plaintiffs, at time of trial, invariably drop the negligence and warranty counts and proceed *solely* on a product liability theory. In so doing, plaintiff's counsel, in the past, have recognized the extreme difficulty a jury faces in understanding and applying the dissimilar principles of strict liability and negligence in the same case, at the same time, to the same defendant for a purpose which is similar only to the extent that it seeks to impose liability for plaintiff's injury on that defendant. The existence of a comparative negligence statute further compli-

cates the problems where, as here, there is a third-party defendant. Under such a statute it is virtually impossible to formulate a jury charge making clear to the jury its function in applying strict liability, without reference to negligence, in determining the defendant's liability and, thereafter, without reference to strict liability, in determining the comparative fault or responsibility of the same defendant, under the same facts, to the alleged negligence of a third-party defendant. The mere statement of the issue demonstrates the virtual impossibility of formulating a clear non-confusing charge approvable, on reflection, by an appellate court.

sion can be found in Pennsylvania law [2] and recent applications of the same in this Circuit. We focus primarily upon the applicability of the Pennsylvania comparative negligence statute to cases in which a plaintiff sues a defendant in strict liability and the defendant, in turn, asserts a claim for contribution in negligence against a third-party defendant. 42 PA.CONS.STAT.ANN. § 7102 (Purdon). To the extent that our analysis concerns Pennsylvania's Uniform Contribution Among Joint Tortfeasors Act, we shall address it. 42 PA.CONS.STAT. ANN. § 8322, *et seq.* (Purdon).

Beginning with the contentions of the parties to the motion at bar, the estate of the deceased driver opposes its being impleaded on the basis that it is not a joint tortfeasor within the meaning of the Pennsylvania Act. Citing *Lasprogata v. Qualls,* 263 Pa.Super. 174, 397 A.2d 803, 805 (1979), the estate contends that the driver of an automobile and the manufacturer of that automobile cannot act "jointly" since their acts are severable as to time, neither having the opportunity to guard against the other's acts and each breaching a different duty. AMC, seeking to distinguish *Lasprogata* on its facts, argues that under *Chamberlain v. Carborundum,* 485 F.2d 31, 34 (3d Cir.1973), the impleader of an allegedly negligent third party by a manufacturer sued in strict liability is proper. AMC points to the *Chamberlain* court's rejection of the argument that disparate theories of liability asserted against parties prevent them from being joint tortfeasors.

In *Chamberlain,* plaintiff's decedent was killed during the ordinary course of his employment when the abrasive wheel on the grinder he was using shattered. Plaintiff sued the manufacturer of the wheel under a strict liability theory. The manufacturer, in turn, filed a third-party complaint against the employer asserting that the employer was negligent in failing to provide a guard for the grinding wheel. A jury found for the plaintiff on the strict liability claim and for the manufacturer on the third-party negligence claim. Thereafter, both the plaintiff and the third-party defendant moved to amend the judgment contending that no right of contribution exists between a manufacturer liable on a strict liability theory and an employer liable in negligence. The district court's denial of the motions to amend judgment resulted in an appeal.

The Third Circuit Court of Appeals affirmed the district court's rulings. Initially, the Court noted that the Pennsylvania Workmen's Compensation Act was of no consequence since the right to contribution of a third-party tortfeasor from a negligent employer was well established in Pennsylvania as long as the employer's duty to contribute did not exceed his liability under the workmen's compensation statute.[3] Next, the court found the manufacturer and the employer to be *in pari delicto.* It held that if the grinding wheel had not left the manufacturer's hands in a defective condition, the decedent would not have been injured. Likewise, it held that had the employer installed a guard as is required by the Pennsylvania Department of Labor and Industry Safety Regulations, the decedent would not have been injured. Under such circumstances, the Court predicted that Pennsylvania courts would not relieve negligent third parties, employers or otherwise, of the burden of making contribution. To do so, the Court reasoned, would necessitate interpreting the Pennsylvania cases adopting the product liability doctrine as requiring manufacturers to "be treated as indemnitors even in favor of others whose tortious conduct contributed to the accident". *Chamberlain, supra,* at 34. The Court found no such requirement in the then-existing case law.

---

**2.** As a federal court sitting in diversity, we are required to apply the substantive law of the state in which we sit. *Erie Railroad Company v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**3.** This is no longer the law of Pennsylvania. See, discussion of *Heckendorn v. Consolidated Rail Corp., infra,* at pp. 81–82.

Subsequent developments in Pennsylvania law have cast some doubt on the viability of the Court's prediction in the *Chamberlain* case. At the very least, the precedential value of the *Chamberlain* opinion, if any, has been greatly undermined.

In *McCown v. International Harvester Company*, 463 Pa. 13, 342 A.2d 381, 382 (1975), the Pennsylvania Supreme Court stated, "Without considering the relative merits of comparative negligence, we think it unwise to embrace the theory in the context of an appeal involving Section 402A". Continuing in footnote 3, the Court remarked, "To initially apply a theory of comparative negligence to an area of the law in which liability is not premised on negligence seems particularly inappropriate". *Id.* 342 A.2d at 382, n. 3. Although the *McCown* opinion was written prior to Pennsylvania's adoption of comparative negligence and, therefore, is not a final statement by the Court on the issue, it provides a clear indication of the direction the Court was taking with respect to its product liability doctrine. At a minimum, the Court made apparent its firm belief that negligence concepts did not belong in product liability cases. This has been the theme of several opinions by the Court in an effort to differentiate or police negligence concepts from developing concepts of product liability law. *See, e.g. Azzarello v. Black Brothers Co., Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978); *Berkebile v. Brantly Helicopter Corp.*, 462 Pa. 83, 337 A.2d 893 (1975).

Moreover, our interpretation of the Pennsylvania case law is consistent with that of the Third Circuit. In *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 766–67 (3d Cir.1977), Chief Judge Seitz, speaking for a majority of the Court, stated,

> We believe that *McCown v. International Harvester Co., supra*, is evidence that Pennsylvania's courts would not allow the introduction of such comparative negligence principles into a § 402A case.

in this manner. In *McCown* the defendant-manufacturer admitted the defect, but argued that the damages ought to be reduced by an amount equal to plaintiff's negligence in driving recklessly prior to the accident. In this case Ford similarly seeks to reduce plaintiff's damages for Vizzini's antecedent negligence. We believe the Pennsylvania courts, as they did in *McCown*, would *reject* such evidence as improper in cases premised on § 402A principles.[4] (emphasis ours.)

Subsequently, in *Baker v. Outboard Marine Corp.*, 595 F.2d 176 (3d Cir.1979), the Court held that the district court committed reversible error in a strict liability case by using negligence terminology, *i.e.*, "unreasonably dangerous", in its charge to the jury. After recounting the Pennsylvania law on point and its own opinion in *Eshbach v. W.T. Grant's & Co.*, 481 F.2d 940 (3d Cir.1973), the Court stated that "unless the trial court *completely* takes from the jury any question of third party negligence, the court must explain to the jury the very limited role of third party negligence in a products liability case based on Section 402 A." *Baker, supra* at 183 (emphasis in original). It described the limited role of the negligence of a third-party as relating solely to the issue of the causal link between the defect in the defendant's product and the plaintiff's injury. Further, it held that third-party "negligence could only serve as an intervening, superseding cause if it was 'so extraordinary as not to have been reasonably foreseeable'." *Id.* at 184. Finally, in *Holloway v. J.B. Systems, Ltd.*, 609 F.2d 1069, 1073 (3d Cir.1979), the Court reviewed the Pennsylvania Supreme Court's ruling in *Azzarello v. Black Brothers Company, Inc., supra*, and stated, "We read *Azzarello* as a signal that evidence and jury instructions regarding negligence concepts should be *kept out* of cases brought under § 402A". (emphasis added).

---

**4.** However, recognizing that the Pennsylvania comparative negligence statute was not in effect at the time of the accident or the trial in the *Vizzini* case, the Court did not reach the issue of whether the statute should be applied in strict liability cases. *Vizzini, supra* at 764, n. 3 and 769, n. 2.

Unfortunately, the Pennsylvania Supreme Court has not yet spoken to the specific issue with which we are here faced. Nor has the Third Circuit addressed this issue in the context of Pennsylvania's comparative negligence statute. However, the issue was discussed, albeit not decided, in the dissenting opinion in *Hamme v. Dreis and Krump Manufacturing Company*, 716 F.2d 152 (3d Cir.1982).

The facts of the *Hamme* case are not unlike those of the previously discussed *Chamberlain* case. In *Hamme*, the plaintiff sustained injuries during the course of his employment when a steel press broke and severed three of his fingers. He sued the manufacturer of the press under a product liability theory. The manufacturer, seeking contribution, filed a third-party complaint in negligence against the employer. Thereafter, the employer moved to dismiss the third-party action. The district court was confronted with two issues: first, the issue of the applicability of Pennsylvania's comparative negligence statute to product liability cases; second, the issue whether an employer may be joined as an additional defendant for the sole purpose of determining comparative fault in an action brought by an employee against a third party for injuries sustained on the job. In addressing the second issue, the Court had to interpret a 1974 amendment to the Pennsylvania Workmen's Compensation Act. PA.STAT.ANN. tit. 77, § 481(b) (Purdon). Relying primarily upon the plain language of the amended statutory section and upon recent Pennsylvania trial and appellate court decisions, the district court granted the employer's motion to dismiss. Having based its decision on the Workmen's Compensation Act, the court did not address the "yet unsettled issue" of the applicability of the comparative negligence statute to strict liability cases. *Hamme v. Dreis and Krump Manufacturing Company*, 512 F.Supp. 944, 945 and 945 n. 2.

On appeal, the Third Circuit affirmed the district court's dismissal of the employer in a *per curiam* opinion. The majority felt bound by the Pennsylvania Superior Court's decision in *Heckendorn v. Consoli-*dated Rail Corporation, 293 Pa.Super. 474, 439 A.2d 674 (1981), which paralleled that of the district court in *Hamme*. In *Heckendorn*, the Superior Court held that the exclusive liability provision of the Workmen's Compensation Act barred a third-party tortfeasor from joining an employer as an additional defendant for the purpose of apportioning negligence under the Comparative Negligence Act. *Id.* 439 A.2d at 677, 678. PA.STAT.ANN. tit. 77, § 481(b) (Purdon); 42 PA.CONS.STAT. ANN. § 7102. The majority found this holding to be the definitive statement of Pennsylvania law on the issue and, therefore, followed it.

In response to the majority's position, the dissent stated that while decisions of intermediate appellate courts are helpful, they are not binding on federal courts as absolute pronouncements of state law. *Hamme v. Dreis and Krump Manufacturing Company*, 716 F.2d 152, 156 (3d Cir.1982). Moving to the substance of the argument, the dissent expressed primary concern with the construction given the Workmen's Compensation Act by the *Heckendorn* court suggesting that it creates an "unfair[ ] burden[ ] [to] third parties who stand outside the workmen's compensation scheme". *Id.* at 155. Simply stated, the dissent suggests that the effect of the *Heckendorn* decision is to render outside parties, found strictly liable to plaintiff-employees, the indemnitors of all negligent employers whose tortious conduct is an additional cause of the plaintiff-employees' injuries. Such a result, the dissent suggested, would compel the Pennsylvania Supreme Court to reverse the Superior Court. This contention embodies policy considerations expressed by the Third Circuit some nine years earlier in the *Chamberlain* case. Moreover, the dissent asserts here, as did the majority in *Chamberlain*, that this analysis should not be limited to employer cases, but likewise should apply to all cases where a defendant sued in strict liability impleads a third-party defendant under a negligence theory. *Hamme, su-*

pra, at 166–167; *Chamberlain v. Carborundum*, 485 F.2d at 34.

In its discussion of Pennsylvania's Comparative Negligence Act, the dissent in *Hamme* recognizes that the statutory language "appears to exclude strict liability claims". *Hamme, supra* at 166. The dissent in *Hamme* further recognizes that a fair reading of Pennsylvania case law suggests that the courts would find inappropriate the consideration of relative fault in a strict liability context. *Id.* Nevertheless, it predicts the Pennsylvania Supreme Court will apply the comparative negligence statute to strict product liability actions because of the inequities which would otherwise result. In support of its belief, it points to other state courts which have so applied their respective comparative negligence statutes. It additionally cites *Murray v. Fairbanks Morse*, 610 F.2d 149 (3d Cir.1979), wherein the Third Circuit found the Virgin Island's comparative negligence statute to be applicable to strict liability cases.

The force of the dissent's argument convinced another member of the panel who voted with the majority in *Hamme*, that the Circuit Court's disposition should be *delayed* pending the Pennsylvania Supreme Court's disposition of the petition for allocatur in *Heckendorn*. *Hamme, supra* at 154–155 n. 4. Thus, although the Court had filed its *Hamme* opinion, it did not immediately issue its certified judgment in lieu of mandate. During the interim, the Pennsylvania Supreme Court granted allocatur in *Heckendorn* and affirmed the order of the Superior Court. *Heckendorn v. Consolidated Rail Corporation*, 502 Pa. 101, 465 A.2d 609 (Pa.1983). It agreed with the Superior Court that the comparative negligence statute and the Workmen's Compensation Act could be read harmoniously. *Id.* 465 A.2d at 612. It further found that the Workmen's Compensation Act barred the joinder of an employer as a defendant in an action by an employee

against a third-party tortfeasor. *Id.* 465 A.2d at 613.

Having based its holding in *Heckendorn* on the exclusive liability provision of the Workmen's Compensation Act, the Supreme Court's opinion is not conclusive on the issue of the applicability of the comparative negligence statute to strict liability cases. However, implicit in its decision is a rejection of the policy considerations which the dissent in *Hamme* predicted would compel the Court to reverse the Superior Court's ruling. This latter consideration is of utmost importance in deciding the issue before this Court.

■ Our role as a federal court in a diversity case is to predict how the Pennsylvania Supreme Court will answer the question with which we are now faced. Viewing the Court's decision in *Heckendorn* in light of its previously discussed decisions on product liability law, we are convinced that the Court will not apply its comparative negligence statute to strict liability cases such as the one at bar. In so ruling, we adopt the conclusion reached by Judge Fullam in *Conti v. Ford Motor Company*, 578 F.Supp. 1429, 1434, 1435 (E.D.Pa.1983).[5] As noted in *Conti*, "[t]he Pennsylvania Supreme Court, perhaps more than any other state appellate court in the nation, has been emphatic in *divorcing negligence concepts from product-liability doctrine*". *Conti, supra*, at 1434. (emphasis added). For this reason, we do not follow the path chosen by the Third Circuit in *Murray v. Fairbanks Morse, supra*, wherein it applied the Virgin Islands comparative negligence statute to a product liability case. "[T]his court is not free to follow [the Third Circuit's] lead if it represents a departure from the discernible trend of Pennsylvania decisions". *Conti, supra* at 1434. Moreover, the trend of Pennsylvania case law is in a direction clearly contrary to that which would be required to reach the result

---

**5.** Our research has led us to believe that Judge Fullam's decision in *Conti* is the only one in the Third Circuit, until today, which has decided

the issue whether Pennsylvania's comparative negligence statute applies to strict liability cases.

reached in *Murray.* As such, our decision today constitutes a logical extension of the analysis which permeates that case law.

In addition, our decision as to the non-applicability of Pennsylvania's comparative negligence statute to the case at bar does not create a conflict between that statute and the Uniform Contribution Among Joint Tortfeasors' Act. Many of the same reasons which compel our decision as to the comparative negligence statute, *e.g.,* the separation of negligence concepts from product liability cases, likewise compel our determination that the Joint Tortfeasor's Act is inapplicable. Furthermore, AMC's alleged strict liability and the deceased driver's alleged negligence are "not on the same legal plane". *Conti, supra* at p. 1435; *Rhoads v. Ford Motor Company,* 374 F.Supp. 1317, 1320 (W.D.Pa.1974), *eff'd on other grounds,* 514 F.2d 931 (3d Cir. 1975). We disagree with AMC's contention that *Chamberlain* requires a different result. As previously indicated, the *Chamberlain* opinion, which was decided in 1973, has been greatly undermined by subsequent developments in Pennsylvania law discussed at length in this opinion. Therefore, it is not controlling.

Our holding that Pennsylvania would not apply its comparative negligence statute to compare the relative fault between a defendant sued in strict liability and a third-party defendant sued in negligence additionally requires that we deny AMC's motion for leave to file third-party complaint. Therefore, even if the proposed third-party complaint had complied with FED.R.CIV.P. 14(a), our decision on the motion would remain the same. Most importantly, our decision in no way precludes AMC from vigorously raising the negligence of the deceased driver as a defense to the strict liability claim. *Baker v. Outboard Marine Corp.,* 595 F.2d at 183.