**Charles P. McGEE, et al.**

v.

**SCHWINN BICYCLE COMPANY, INC., et al.**

**Civ. A. No. 85–542.**

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1985.

Thomas V. Hunt, Philadelphia, Pa., for plaintiff.

Arthur M. Toensmeier, Philadelphia, Pa., Jeffrey S. Kahn, Joseph P. Connor, III, Walter J. Timby, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

VAN ARTSDALEN, District Judge.

The minor plaintiff suffered the loss of a finger and related injuries when his hand was caught in the chain drive mechanism of an exercise bicycle manufactured by Schwinn Bicycle Co. (Schwinn). The accident occurred at the home of the boy's grandmother, located in the State of New Jersey. The bicycle had been purchased from a retail store in Philadelphia, Pennsylvania, by the boy's uncle, who gave the bicycle to the grandmother. The civil action commenced on behalf of the injured boy asserts causes of action against Schwinn and the retail store for breach of warranty, negligence, and strict liability

for distributing a defective product. The alleged defects are lack of adequate warnings and lack of adequate guards. Schwinn seeks leave of court, pursuant to Federal Rule of Civil Procedure 14(a), to join the uncle and the grandmother as third-party defendants, contending that they are liable for indemnity and/or contribution for negligently failing to read and heed written warnings allegedly contained in an owner's manual distributed with the bicycle to the purchaser.

Plaintiffs have by letter stated that they will proceed only upon their claim of strict liability for distributing a defective product. They oppose joinder, asserting that there is no right of indemnity or contribution in favor of a manufacturer or distributor of a defective product from a negligent purchaser, owner or user. Defendants contend that the breach of warranty and negligence claims are still asserted and that plaintiffs cannot unilaterally abandon such claims, and that to do so would prejudice defendants' right to seek indemnity and/or contribution. I do not accept this argument. At trial plaintiffs could present evidence only on the strict liability claim without causing any prejudice to defendants. In deciding this motion, I will assume that the only claim against defendant is strict liability for distributing a defective product.

The parties have not briefed the issue of whether Pennsylvania or New Jersey law will apply, although both cite primarily to Pennsylvania cases. Defendants, in a response to plaintiff's opposition to the joinder, suggest in footnote 2 of their brief that the substantive law of Pennsylvania and New Jersey as to indemnity and contribution are "substantially similar." Unfortunately, however, Pennsylvania's law of "strict products liability" and New Jersey's law have very substantial differences, and it is by no means clear that the right to contribution as between a manufacturer or distributor and a negligent third party is the same in both states. The difference primarily emanates from Pennsylvania's view that concepts of negligence are not to be submitted to a jury in a strict products liability case. Thus, a jury does not determine whether a product is "unreasonably dangerous" under the law of Pennsylvania. *Azzarello v. Black Brothers, Inc.*, 480 Pa. 547, 391 A.2d 1020 (1978).

The Pennsylvania Supreme Court has not squarely ruled upon the right of a manufacturer or distributor of a defective product to obtain contribution from a negligent third party. In *Chamberlain v. Carborundum Co.*, 485 F.2d 31 (3d Cir.1978), the Court of Appeals for the Third Circuit predicted that Pennsylvania would treat a negligent employer and the manufacturer of a defective product as joint tortfeasors for purposes of contribution. Although never overruled, later cases and the adoption by statute of comparative negligence in Pennsylvania throw grave doubt upon the accuracy of the prediction in *Chamberlain*.[1] In *Conti v. Ford Motor Co.*, 578 F.Supp. 1429, 1434–35 (E.D.Pa.1983), *rev'd on other grounds*, 743 F.2d 195 (3d Cir.1984), Judge Fullam predicted that comparative fault would not apply as between parties held strictly liable for distributing defective products and negligent third parties. In *Bike v. American Motor Corp.*, 101 F.R.D. 77 (E.D.Pa.1984), the court denied a motion similar to the present motion, ruling that neither indemnity nor contribution would be allowed a manufacturer of a defective motor vehicle against a negligent driver of the defective vehicle in which the injured plaintiff was a passenger. If Pennsylvania law applies and *Bike v. American Motors Corp.* is correctly decided, joinder should not be permitted in this case.

The New Jersey Supreme Court appears to have squarely ruled that contribution under the doctrine of comparative negligence and the New Jersey Joint Tortfeasors Contribution Act is proper. *Suter v. San Angelo Foundry & Machine Co.*, 81

---

1. Cases pre-dating *Chamberlain* appeared to suggest a contrary result. *See McCown v. International Harvester Co.*, 463 Pa. 13, 342 A.2d 381

(1975); *Vizzini v. Ford Motor Co.*, 569 F.2d 754, 766–769 (3d Cir.1977).

**642**

N.J. 150, 406 A.2d 140 (1979) (Manufacturer and injured party); *Cartel Capital Corp. v. Fireco of New Jersey*, 81 N.J. 548, 567, 410 A.2d 674 (1980).

Because it is not yet certain what law will be applied,[2] nor indeed what the law of Pennsylvania may be, and because this case is in the early stages of discovery, the motion to join will be granted. It may be that at a later stage of the case, upon development of the facts or later case law, a motion for summary judgment can decide the issues in this case as to the right of contribution between the distributors and the purchasers, owners or users.

### ORDER

It is hereby ordered that leave is granted to Schwinn Bicycle Company, Inc. to join as third party defendants James Maggioncalda, Jr. and Katherine Maggioncalda and to file the third party complaint against them within fifteen (15) days from the date of this order.

---

**2.** Conceivably, Pennsylvania law may apply to the retail seller of the bicycle, whereas New Jersey law may apply to Schwinn, the manufacturer of nationally distributed products.