## Chandler, Gov., et al. v. City of Louisville et al.

Feb. 21, 1939.

WM. B. ARDERY, Judge.

HUBERT MEREDITH, Attorney General, and A. E. FUNK and H. D. FRANCE, Assistant Attorneys General, for appellants.

HAL O. WILLIAMS and LAWRENCE S. POSTON for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

At its regular 1938 session, the General Assembly of Kentucky passed a comprehensive act relating to the regulation of traffic in alcoholic beverages known as the

"Alcoholic Beverage Control Law" which became effective March 7, 1938. Chapter 2, Acts of 1938, Baldwin's Kentucky Statute Service, Section 2554b-97 et seq.

Section 15 of the act (Kentucky Statutes, 2554b-111) provides in part:

> "The municipal legislative body of any city of the first, second, or third class in which traffic in alcoholic beverages is permitted * * * may, by ordinance duly enacted, create a City Alcoholic Beverage Administrator. * * * The City Administrator of each city of the first class shall be appointed by the Commissioner of Revenue, with the approval of the Governor, and shall be paid by the city for which he is appointed, an annual salary of not less than three thousand dollars ($3000) nor more than thirty-six hundred dollars ($3600). The City Administrator in each city of the second and third class shall be appointed by the Mayor, or by the City Manager if there be one."

That section further provides in effect that the function, powers and duties of the city administrator shall be the same with respect to city licenses, regulations, etc., as the function, powers, and duties of the state alcoholic beverage control board with respect to state licenses, regulations, etc., except that no rule or regulation adopted by such local administrator shall be less stringent than the provisions set up in the act or in the rules and regulations of the state board.

In April 1938 the legislative department of the city of Louisville adopted an ordinance creating the office of city alcoholic beverage administrator of that city and reposed the power of appointment of such administrator in the mayor of the city. After the ordinance became effective, the mayor appointed Virgil Lynch as city alcoholic beverage administrator.

Thereafter the city of Louisville, William M. Silk, as a citizen and taxpayer thereof, Joseph Sholtz, as mayor of the city, and Virgil Lynch, as alcoholic beverage administrator thereof, instituted this action against the Honorable A. B. Chandler, as Governor of Kentucky, and James W. Martin, commissioner of revenue of Kentucky, setting up the foregoing facts and alleging in substance that the city alcoholic beverage administrator is an officer of the city; that so much of the alco-

holic beverage control law as provides that the city administrator of each city of the first class shall be appointed by the commissioner of revenue with the approval of the Governor is contrary to and violates Section 160 of the Constitution of Kentucky which among other things provides: "Officers of towns or cities shall be elected by the qualified voters therein, or appointed by local authorities thereof;" that the commissioner of revenue has no power to appoint the city alcoholic beverage administrator for the city of Louisville and that the Governor has no power to approve any such attempted appointment; that the defendants claim that they have such power and that the commissioner of revenue threatens to and will unless restrained and enjoined by the court attempt to appoint the alcoholic beverage administrator for Louisville and the Governor threatens to approve the appointment attempted to be made by the commissioner of revenue. It is further alleged in substance that the provisions of the quoted portion of Section 15 of the act relating to the appointment of the alcoholic beverage administrator for cities of the first class also violates Sections 1, 2, 59 and 60 of the state Constitution and also contravenes the 14th amendment of the Constitution of the United States. They prayed for a declaration of rights and a construction of the act in controversy in the particulars indicated; that the defendants be temporarily restrained and enjoined from attempting to appoint the city alcoholic beverage administrator for Louisville and from approving such appointment; and that upon final hearing the injunction be made permanent.

The cause having been submitted upon motion to vacate and discharge the temporary restraining order theretofore issued by the clerk and upon a general demurrer to the petition, the motion to discharge and vacate the temporary restraining order was overruled. The general demurrer to the petition was also overruled and defendants declining to further plead, plaintiffs moved the court that the injunction be made permanent; and the cause by agreement of parties was submitted on pleadings, exhibits, and the entire record upon the merits for declaration of rights. Whereupon it was adjudged that so much of Section 15 of the alcoholic beverage control law as provides that "the City Administrator of each city of the first class shall be appointed by the Commissioner of Revenue, with the

approval of the Governor" contravenes Sections 1, 2, 59, 60 and 160 of the Constitution of Kentucky and is therefore void and of no effect; that the office of city alcoholic beverage administrator of cities of the first class is a city office; that the commissioner of revenue of the state has no power to appoint nor has the Governor of the Commonwealth power to approve the appointment of a city alcoholic beverage administrator for cities of the first class; that the ordinance adopted by the city is valid and the mayor of the city has the power thereunder to appoint the alcoholic beverage administrator for the city; that the injunction prayed for be made permanent. Defendants are appealing.

It is first argued in brief by counsel for appellants that the city administrator is not an officer of the city but an officer of the state and a large portion of the brief is devoted to that question. Counsel for appellees, of course, hold to a contrary view. It will be noted from the quoted portion of Section 15 of the act that cities of the first class designated therein may by ordinance create the office of administrator. While the matter has not been strongly urged in brief, the first question occurring to us is whether the legislature of the state may delegate to legislative bodies of cities or towns the right to create state offices. As a general proposition the legislature may only delegate to municipalities powers of legislation as to matters of purely local concern. 11 Am. Jur. 935.

Furthermore and in this same connection it might be pointed out that Section 14 of the Act (Kentucky Statutes, 2554b-110) makes the county judge of each county ex officio county alcoholic beverage administrator and his duties with respect to county licenses, regulations, etc., are the same as those of the city administrator with respect to city licenses, etc. Therefore if appellants' contention be correct, the county administrator would also be a state officer, and a county judge would at the same time be holding a county and state office in direct violation of Section 165 of the Constitution. The very fact that the legislature made this an additional duty of the county judge is very persuasive if not conclusive of the fact that it was not the intent of the legislature to make local administrators officers of the state. While the duties of the city administrator are interrelated with, and incidentally, at least, affect the administration of the alcoholic control act by state

authorities, they are in the main purely local and have to do with the interests and welfare of the city. Under the act the salary and the costs of his official bond, etc., are paid by the city. These and other provisions of the act when read and considered as a whole, coupled with matters already pointed out, leave no escape from the conclusion that the administrators for designated classes of cities are city officers.

The other major controversy is whether that part of Section 15 of the act which provides that the administrator in cities of the first class shall be appointed by the commissioner of revenue with the approval of the Governor is unconstitutional; which after all comes down to the question of classification. That is, whether it was permissible under our Constitution for the legislature to provide for the appointment of the alcoholic beverage administrator in cities of the first class by state authorities, when under the act, the appointment of such administrator in other classes of cities is left to city authorities. This court, in harmony with the general trend of authorities on the subject, has consistently held that classification of political subdivisions based on population does not offend any provisions of our Constitution, if the classification is rested upon some reasonable basis and not upon mere arbitrary division without any real or substantial distinction. City of Louisville v. Commonwealth, 134 Ky. 488, 121 S. W. 411; Hodge v. Bryan, 149 Ky. 110, 148 S. W. 21; Herold et al. v. Talbott, Auditor, 261 Ky. 634, 88 S. W. (2d) 303.

In 12 Am. Jur. 169, Section 489, it is said in substance that under usual circumstances and for most purposes it is competent for the legislature to employ population as a basis for classification, making distinctions applicable to people of different localities on such grounds without violating either federal or state constitutions and that such classification of municipalities on such a basis for a great variety of purposes has been sustained. But it is further said:

"It is a mistaken idea that because classification on the basis of population is sustainable in respect of legislation on certain subjects, it may be appropriate for all purposes of classification in legislative enactments. Such a basis for classification must have a reasonable relation to the purposes and ob-

jects of the legislation and must be based upon a rational difference in the necessities or conditions found in the groups subjected to different laws. If no such relation and difference exists, the classification is invalid. For example, since there is no relation between a person's fitness for jury service and the size of the county in which he resides, a discrimination in a statute controlling jury service based upon the population of the county involved is invalid.''

It is our view that the last sentence of the quoted excerpt has peculiar application here and is consonant with other generally recognized rules that arbitrary selection and unfounded distinctions can never be justified under the guise of classification; and as is further said in part in 12 Am. Jur. 163, Section 485:

"The authorities are unanimous in their conclusion that the basis on which a classification may validly rest must be reasonable and founded on material differences and substantial distinctions which bear a proper relation to the matters or persons dealt with by the legislation and the purposes sought to be accomplished.''

Certainly there is no relation between the manner in which the alcoholic beverage administrator is appointed or his fitness for such position and the size or population of the city in which he is to serve and therefore the attempted classification is not based upon natural or distinctive reasons. See Droege v. McInerney, 120 Ky. 796, 87 S. W. 1085, 27 Ky. Law Rep. 1137; Nuetzel v. State Tax Commission, 205 Ky. 124, 265 S. W. 606; Felts v. Linton, 217 Ky. 305, 289 S. W. 312; James v. Barry, 138 Ky. 656, 128 S. W. 1070; Community Hospital v. Barren County Fiscal Court, 244 Ky. 672, 52 S. W. (2d) 896, which are conclusive of this question.

Counsel for appellants attempt to justify the classification on the ground that a vastly greater number of persons will engage in the sale of liquor in cities of the first class than will in cities of a lower class. That would be a natural and reasonable basis for classification with respect to salaries, assistants, clerical help, etc., but the distinction between those matters and the matter of appointment of the city administrator is too apparent to require argument. The state of facts

enumerated by counsel is not sufficient to sustain the classification and no facts have been made to appear or can reasonably be conceived that would do so. Nor, as claimed by appellants, can the classification find justification under the police power, since the same rules relative to classification, uniformity in application, etc., apply to police measures as do to other acts. See McCown v. Gose, 244 Ky. 402, 51 S. W. (2d) 251.

It is further argued that unless the appointment may be made by the commissioner of revenue in cities of the first class, the office of administrator must remain vacant until the legislature provides another method for filling the office. It is asserted that there can be no office except as expressly provided by the act, or if the provisions in controversy relating to the power of appointments is void, there is no alternative method provided for filling the office of city administrator for cities of the first class and it cannot be filled under Section 160 of the Constitution. But this argument overlooks the fact that under authority of the act the city has created the office and in the same ordinance provided that the city administrator shall be appointed by the mayor.

Section 160 of the Constitution, after providing that the offices designated therein shall be filled by election by qualified voters of the city further provides "* * * but other officers of towns or cities shall be elected by the qualified voters therein, or appointed by the local authorities thereof, as the general assembly may, by a general law, provide * * *."

Section 2780, Kentucky Statutes, which is included in charters of cities of the first class provides:

"All officers or agents of the city, in any of its departments, not herein required to be otherwise elected or appointed, shall be elected or appointed in such manner as may be prescribed by ordinance."

Finally it is argued in effect that Section 15 of the act is not compulsory, since by it cities of the first class are given the option of electing by ordinance to have a city administrator or to forego the privilege by inaction; and that the city having voluntarily accepted the provisions of the act by adoption of an ordinance will not be heard to complain concerning the alleged unconstitutional portion of that section. To uphold this in-

genuous and novel contention would be to extend the doctrine of estoppel to limits hitherto apparently unknown either to law or equity, since no authorities or cases are cited supporting it. Numerous cases are to be found holding that the doctrine of estoppel applies to municipalities with respect to contract and property rights, etc., but such cases are inapposite and may be easily distinguished. Clearly it was not competent for the legislature to directly or indirectly impose upon political subdivisions unconstitutional laws or by unwarranted classification deny to one privileges granted to another, a result that would necessarily follow if appellants' contention be sustained.

For reasons assigned we unhesitatingly conclude that the chancellor correctly adjudged Section 15 of the act to be unconstitutional in the particulars indicated.

Wherefore the judgment is affirmed.

Whole court sitting, except Judge Cammack.