**LOUISVILLE & NASHVILLE RAILROAD CO., Appellant,**

v.

**Mrs. J. F. FAULKNER, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1957.

C. E. Rice, Jr., C. S. Landrum, Lexington, Joe S. Feather, Williamsburg, for appellant.

L. O. Siler, Williamsburg, for appellee.

STANLEY, Commissioner.

We have a motion for an appeal from a judgment for $200 in an action by the appellee, Mrs. J. F. Faulkner, to recover the value of a mule killed by one of the appellant's trains. The case was submitted to the court upon the mere stipulation that the mule, of the value of $200, had strayed from the plaintiff's premises about a mile from the place on the track where it was struck and killed. The judgment is based on the fact that the defendant had not offered evidence to rebut the presumption of negligence created by that part of § 277.330, Kentucky Revised Statutes, which reads as follows:

> "* * * The killing or injury of cattle by the engine or cars of any railroad company shall be *prima facie* evidence of negligence on the part of the agents and servants of the company."

It stands adjudicated that under this statute the admission by a railroad company that its train killed livestock places upon it the burden of proving that the company was free from negligence. Chesapeake & O. Ry. Co. v. Turley, 192 Ky. 568, 234 S.W. 188. The appellant, of course, recognizes this. It rests its appeal upon two grounds. One is that the changed conditions brought about by motor vehicle transportation on the public highways render the statute invalid and unconstitutional because it has become class legislation and denies railroad companies equal protection of the law. A contingent ground is that the statute was impliedly repealed by the enactment of the present statute which makes it unlawful for the owner or custodian of a domestic animal to permit it to run at large. Chapter 20, Acts of 1950, KRS 259.210(1).

The present statute which places the duty upon a railroad company to prove it was free from negligence in killing an animal upon its track is an act of 1893. The genesis of the legislation, however, goes back to the beginning of railroad transportation in the state. The constitutionality of such legislation was sustained because it applied to all similar corporations and had for its object the safety of persons on a train and the protection of property. Louisville & N. R. Co. v. Belcher, 89 Ky. 193, 12 S.W. 195, 11 Ky.Law Rep. 393, a decision rendered in 1889.

Of course, there were no automobiles in those days. The subsequent inauguration and development of transportation by motor vehicles on the public highways by common carriers of freight and passengers created even greater risks to the safety of occupants of the vehicles and of danger of injury and death of domestic animals. Yet, under the law the operators of that mode of competitive transportation are not subject to the same extraordinary legal responsibility for killing such animals on the public roads as are railroad companies for killing them on their private rights of way.

The Supreme Court, speaking through Justice Brandeis in Nashville, C. & St. L. Ry. Co. v. Walters, 294 U.S. 405, 55 S.Ct. 486, 488, 79 L.Ed. 949, stated, "A statute valid when enacted may become invalid by change in the conditions to which it is applied. The police power is subject to the

constitutional limitation that it may not be exerted arbitrarily or unreasonably." A number of prior opinions of that court are cited in support of the statement. See 11 Am.Jur., Constitutional Law, § 102.

The State of Florida for many years had a statute, F.S.A. § 356.01 et seq. imposing extraordinary and special duties upon railroad companies, among which was that a railroad company was liable for double damages and an attorney's fee for killing livestock by a train without the owner having to prove any act of negligence on the part of the carrier in the operation of its train. In Atlantic Coast Line Railroad Co. v. Ivey, 148 Fla. 680, 5 So.2d 244, 247, 139 A.L.R. 973, it was held that the changed conditions brought about by motor vehicle transportation rendered the statute unconstitutional since if a common carrier by motor vehicle had killed the same animal, the owner would have been required to prove negligence in the operation of its equipment. Said the court, "This certainly is not equal protection of the law."

As stated in Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416, appeal dismissed Friedman v. Markendorf, 309 U.S. 627, 60 S.Ct. 610, 84 L.Ed. 987, the purpose of the provisions of §§ 3 and 59 of the Kentucky Constitution and of the Fourteenth Amendment to the Federal Constitution is to place all persons similarly situated upon a plane of equality and to render it impossible for any class to obtain preferred treatment. Applying this proscription of inequality and unreasonable discrimination, we held invalid an amendment to a statute regulating motor transportation for hire which exempted from the operation of the statute such vehicles engaged in transporting farm products. Priest v. State Tax Commission, 258 Ky. 391, 80 S.W.2d 43.

We, therefore, hold that the part of KRS 277.330 which imposes a duty upon a railroad company of proving that it was free from negligence in the killing or injury of cattle by its engine or cars is invalid and unconstitutional.

Motion for an appeal is sustained. The judgment is

Reversed.

CAMMACK and MONTGOMERY, JJ., dissenting.