**CITY OF LOUISVILLE, Appellant,**

v.

**Stella KLUSMEYER, Appellee.**

Court of Appeals of Kentucky.

May 29, 1959.

Norris W. Reigler, Louisville, for appellant.

James M. Graves, Raymond O. Harmon, John C. Fogle, Boehl, Stopher, Graves & Deindoerfer, J. L. Richardson, Jr., J. L. Richardson, III, Louisville, for appellee.

STANLEY, Commissioner.

The question presented is the constitutionality of an Act of 1956, Chapter 20, published as KRS 381.445, which imposes primary liability upon the owner of property abutting a sidewalk in a city of the first class (Louisville) for injuries to persons or property arising out of a failure of the property owner to repair a defect in the sidewalk. The circuit court held the act unconstitutional upon two grounds, namely, (1) specifically, that it is special legislation contrary to the prohibition of Section 59, subsection 29, of the Kentucky Constitution; and (2) generally, that the Act is arbitrary and constitutes a violation of the due process provisions of the Constitution.

The ruling of the court came in awarding a summary judgment for a property owner, the appellee, Mrs. Stella Klusmeyer, in an action against her and the city by Mrs. Carrie Crick for damages for injuries alleged to have been sustained by a fall on a sidewalk on Third Avenue in Louisville because of a defect therein. The defect is described as a displacement of bricks, which caused a depression in the pavement. The City of Louisville, a co-defendant, filed a cross-action against Mrs. Klusmeyer, pleading that under KRS 381.-445 she was primarily liable for any injury sustained by the plaintiff and that the city, being only secondarily liable, should recover of her as indemnity a sum equal to any recovery the plaintiff might recover against the city. The present appeal is by the city against its codefendant below, Mrs Klusmeyer. An appeal by Mrs. Crick was dismissed for procedural defect.

■ The judgment dismissed "with prejudice" the complaint against the property owner and the cross-claim of the city against her. It is stated to be a final judgment; so, an appeal is permitted upon the one claim without awaiting a determination of all claims in accordance with CR 54.02.

The provision of our Constitution, § 59, relating to uniformity of laws, is that "The General Assembly shall not pass local or special acts" concerning a number of specific purposes. It concludes with an omnium-gatherum, subsection 29: "In all other cases where a general law can be made applicable, no special law shall be enacted." The Constitution, § 156, provides that the cities and towns of the Commonwealth, for the purposes of their organization and government, shall be divided into six classes according· to specified populations, and that the organizations and powers of each class shall be defined and provided for by general laws so that municipal corporations of the same class shall possess the same powers and be subject to the same restrictions. The question often arises, as it does here, whether legislation made applicable to only one class of city and not to the others comes within the ban of local or special laws defined by § 59.

■ The term "local act" means, at least in part, a law confined to territorial limits other than that of the whole state or a law applicable to some political subdi-

visions and not to others. And the term "special law" is legislation which arbitrarily or beyond reasonable justification discriminates against some persons or objects and favors others. King v. Commonwealth, 194 Ky. 143, 238 S.W. 373, 22 A.L.R. 535. Both are prohibited not only by § 59 of our Constitution but by the guarantees of equal protection of the Fourteenth Amendment of the federal Constitution and § 3 of the Kentucky Constitution. Markendorf v. Friedman, 280 Ky. 484, 133 S.W.2d 516, 127 A.L.R. 416, appeal dismissed 309 U.S. 627, 60 S.Ct. 610, 84 L.Ed. 987.

█ █ The fact that there is only one city of the class to which the legislation is applicable, does not necessarily render unconstitutional an act pertaining to that city. James v. Barry, 138 Ky. 656, 128 S.W. 1070; 37 Am.Jur., Municipal Corporations, § 97. The Constitution permits special legislation that is made local to a particular class of city where it pertains to the organization and government of such cities. It prohibits other legislation which is made applicable to a single class if the legislation is not based upon a natural, real or substantial distinction inhering in the subject matter, or does not bear some relevant and logical relation to the classification of cities. Chandler v. City of Louisville, 277 Ky. 79, 125 S.W.2d 1026; Mannini v. McFarland, 294 Ky. 837, 172 S.W.2d 631; 12 Am.Jur., Constitutional Law, §§ 480, 481; 50 Am.Jur., Statutes, § 7.

█ Although density of population and the size of a city may be a proper basis of valid classification of some subjects, the basis must have a rational or reasonable relation to the differentiating conditions. James v. Barry, 138 Ky. 656, 128 S.W. 1070; Sims v. Reeves, Ky., 261 S.W.2d 812. Upon a review of this particular concept as to legislation confined in its operation to one class of city, we found it necessary to overrule in part cases intermediate of earlier cases and to restate what the court deems a proper and sound construction of the constitutional provisions. Mannini v. McFarland, supra, 294 Ky. 837, 172 S.W.2d 631. In that case we held a statute prohibiting a pool room or bowling alley to be operated in a room where alcoholic liquors were sold by retail to be unconstitutional because there was no rational basis for assuming the evil sought to be prohibited in a city of the fourth class did not or would not exist in cities of other classes. Another like case in which the same conclusion was reached is Chandler v. City of Louisville, supra, 277 Ky. 79, 125 S.W.2d 1026.

█ The city takes the position that, having a population of some 400,000 and many miles of sidewalks over its "vast area," its problem is unique; that it is impossible for its staff employees to discover all defects in sidewalks and for policemen, who now patrol their districts in motor vehicles, to have opportunity to do so. The "bigness" of Louisville does not, in our opinion, afford a reasonable difference or a ground for the special legislation. All cities have sidewalks which any person may use for proper purposes. As stated by Mr. Justice Holmes in Engel v. O'Malley, 219 U.S. 128, 31 S.Ct. 190, 193, 55 L. Ed. 128: "It is true, no doubt, that where size is not an index to an admitted evil, the law cannot discriminate between the great and small." It is obvious that a general and uniform law dealing with the subject could be made applicable to all cities.

As stated, the trial court also regarded generally the statute to be unconstitutional upon the grounds of arbitrary legislation and deprivation of due process. We do not reach the question.

The judgment is affirmed.