Sandra Jean KOCHING, as Administratrix of the Estate of Werner Koching, deceased, Movant,

v.

INTERNATIONAL ARMAMENT CORPORATION, Respondent.

No. 88–SC–978–CL.

Supreme Court of Kentucky.

June 29, 1989.

Ron Parry, Covington, Marcus S. Carey, Fort Mitchell, for movant.

Timothy G. Atwood, Trumbull, Conn., Thomas C. Smith, Covington, for respondent.

## OPINION OF THE COURT
## CERTIFYING THE LAW

We have accepted a request from the United States District Court for the Eastern District of Kentucky at Covington for a certification of the law of Kentucky with respect to the following question:

> "In this two-party products liability case, where the facts of the case raise a jury issue of whether or not the plaintiff was negligent, and whether such negligence was a substantial factor in causing his death, (and perhaps would justify a directed verdict for the defendant) should the court apply the principle of contributory negligence pursuant to K.R.S. 411.-320 and *Reda Pump Co., Etc. v. Finck*, Ky., 713 S.W.2d 818 (1986), or the principle of comparative negligence pursuant to K.R.S. 411.182."

Litigation pending in the United States District Court is seeking damages for wrongful death which is alleged to have resulted from a product defective in design. The injury occurred on October 3, 1984. There is a jury issue as to whether or not the decedent was contributorially negligent in his use of the product.

At the time of the injury K.R.S. 411.-320(3) was in effect. It provided:

> "In any product liability action, if the plaintiff failed to exercise ordinary care in the circumstances in his use of the product, and such failure was a substantial cause of the occurrence that caused injury or damage to the plaintiff, the defendant shall not be liable whether or not said defendant was at fault or the product was defective."

In *Reda Pump Co., Etc. v. Finck*, Ky., 713 S.W.2d 818 (1986), we held that despite the adoption of the comparative negligence rule by this court, K.R.S. 411.320(3) prohibited recovery in a products-liability action by a plaintiff who was contributorially negligent.

Subsequent to the injury and the filing of this litigation, the General Assembly of

Kentucky, at its 1988 session, enacted House Bill 551 which has been codified as K.R.S. 411.182. It provides in part as follows:

"(1) In all tort actions, including products liability actions, involving fault of more than one party to the action, including third-party defendants and persons who have been released under subsection (4) of this section, the court, unless otherwise agreed by all parties, shall instruct the jury to answer interrogatories or, if there is no jury, shall make findings indicating:

"(a) The amount of damages each claimant would be entitled to recover if contributory fault is disregarded; and

"(b) The percentage of the total fault of all the parties to each claim that is allocated to each claimant, defendant, third-party defendant, and person who has been released from liability under subsection (4) of this section.

"(2) In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.

"(3) The court shall determine the award of damages to each claimant in accordance with the findings, subject to any reduction under subsection (4) of this section, and shall determine and state in the judgment each party's equitable share of the obligation to each claimant in accordance with the respective percentages of fault.

"(4) A release, covenant not to sue, or similar agreement entered into by a claimant and a person liable, shall discharge that person from all liability for contribution, but it shall not be considered to discharge any other persons liable upon the same claim unless it so provides. However, the claim of the releasing person against other persons shall be reduced by the amount of the released persons' equitable share of the obligation, determined in accordance with the provisions of this section."

The question presented is whether House Bill 551 (K.R.S. 411.182) is applicable to the facts of this case. We hold that it is not. In *Dunlap v. University of Kentucky Student Health Services Clinic*, Ky., 716 S.W.2d 219 (1986), this court held that a statute which permitted the University of Kentucky to establish a fund to assure the satisfaction of malpractice claims was an implied waiver of the sovereign immunity of the Commonwealth. At its next session, the General Assembly of Kentucky enacted K.R.S. 44.072 and K.R.S. 44.073(12). They provide:

"... It is further the intention of the general assembly to otherwise expressly preserve the sovereign immunity of the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting in the scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies in all other situations except where sovereign immunity is specifically and expressly waived as set forth by statute...."

K.R.S. 44.072

"(12) Except as otherwise specifically set forth by statute and in reference to subsection (11) of this section, no action for damages may be maintained in any court or forum against the Commonwealth, any of its cabinets, departments, bureaus or agencies or any of its officers, agents or employes while acting within their official capacity and scope of their employment by the Commonwealth or any of its cabinets, departments, bureaus or agencies."

K.R.S. 44.073(12)

Thereafter, in *Kestler v. Transit Authority of Northern Kentucky*, Ky., 758 S.W.2d 38 (1988), this court held that K.R.S. 44.072 could not be applied retroactively to an accident which occurred prior to the enactment of the statute. In *The University of Louisville v. O'Bannon, Judge*, Ky., 770 S.W.2d 215 (1989), we held that neither K.R.S. 44.072 or K.R.S. 44.-073(12) could be applied in a medical mal-

practice case in which the injury occurred prior to the enactment of those statutes.

In *Sweasy v. Kings Daughters Memorial Hospital,* Ky., 771 S.W.2d 812 (1989), we had before us an action concerning the applicability of a provision of House Bill 551 enacted by the 1988 General Assembly, the same house bill about which we are asked to certify the law in this case. A section of House Bill 551 provides that peer review and similar hospital records are not subject to discovery and cannot be introduced as evidence in civil cases. This court held that House Bill 551 was not applicable to a case involving an injury which occurred prior to the enactment of the statute because the statute could not be construed to operate retroactively.

In each of the above cases, this court determined that the application of the statute in a case based upon an event which occurred before the enactment of the statute constituted a retroactive application of the statute and was not permissible.

Under the facts of the case presented for certification, the court should apply the principle of contributory negligence pursuant to K.R.S. 411.320 and the decision of this court in *Reda Pump Co., Etc. v. Finck, supra.*

The law is so certified.

All justices sitting.

All concur except VANCE, J., who dissents for the reasons expressed in his dissent in *Sweasy v. Kings Daughters Memorial Hospital,* Ky., 771 S.W.2d 812 (1989) and *The University of Louisville v. O'Bannon, Judge,* Ky., 770 S.W.2d 215 (1989).