# Ferris v. Golf Car Supply Co.

C.P. of Lawrence County, no. 10771 of 2000, C.A.

*James J. Gillespie Jr.,* for plaintiffs.
*Mark L. Reilly,* for defendant.

PICCIONE, *J.,* July 8, 2010—Before this court for disposition is defendant's motion for summary judgment The current action arises out of an accident that occurred on July 13, 1998 in which plaintiff Frank Ferris collided with his daughter's vehicle while he was driving an all-terrain vehicle (ATV) that he purchased from defendant Golf Car Supply Company.[1] Mr. Ferris suffered severe injuries as a result of the accident.

On November 3, 2000, plaintiffs Frank Ferris and his wife, Rose Ferris filed a multi-count complaint against numerous parties, including defendant. The complaint contained claims of negligence, breach of warranty and medical malpractice. The medical malpractice actions were ultimately dismissed, leaving the breach of warranty and negligence claims against defendant On December 7, 2007, plaintiffs were permitted to amend their complaint by adding count of strict liability under the Restatement (Second) of Torts §402(a).

In their amended complaint, plaintiffs allege that they purchased the used ATV from defendant in July of 1997. Plaintiffs assert that defendant or the predecessor owner of the ATV had removed the seatbelts by the time plaintiffs bought the ATV. Prior to the accident, plaintiffs inquired about the absence of seatbelts and whether they could be installed in the ATV. Clarence Emery, an employee of defendant at the time of the purchase, advised plaintiffs that seatbelts could not be installed in the ATV.

---

1. The ATV at issue is a Kawasaki Mule 500.

Plaintiffs allege that defendant acted negligently in removing the seatbelts from the ATV, in selling the ATV without seatbelts, and in misrepresenting that seatbelts could not be installed. Further, plaintiffs allege that the ATV was defective when sold and that defendant breached express and implied warranties.

Shortly after plaintiffs filed their amended complaint, defendant attempted to join Saxon Golf Course and Davis Cycle Sales as additional defendants. Defendant had originally acquired the ATV from Saxon, and Saxon had previously purchased the ATV from Davis. On April 16, 2008 defendant filed a complaint to join additional defendants, and Saxon and Davis subsequently filed preliminary objections in the nature of a demurrer. In an opinion dated September 8, 2008, the court determined that defendant's negligence claims were insufficiently pled due to a failure to properly plead the existence of a legal duty owed to plaintiff by Saxon and Davis. The court granted defendant leave to amend the complaint. On September 23, 2008, defendant filed an amended complaint against Saxon and Davis on similar theories that plaintiffs brought against defendant. Defendant alleged that Saxon negligently removed the seatbelt from the ATV, negligently supplied the ATV without a seatbelt, and failed to advise defendant that the seatbelt had been removed. With respect to Davis, defendant alleged breach of warranty and strict liability under the Restatement (Second) of Torts §402(a).

Saxon filed preliminary objections to defendant's amended complaint, and on April 24, 2009, the court sustained Saxon's preliminary objections. In ruling on Saxon's demurrer, the court stated:

"Defendant Golf [Car] Supply has failed to plead facts sufficient to demonstrate the standard of care and affirmative legal duty owed by additional defendant Saxon Golf Course to either the plaintiff or defendant Golf Car Supply as a matter of law. For example, plaintiff has failed to assert any facts indicating that the law either imposes a prohibition on the supplying of an ATV without a seatbelt or requires a supplier of an ATV to install a previously removed safety device, and plaintiff has not alleged facts to indicate a standard of care or duty has been otherwise created." *Ferris v. Golf Car Supply Co.,* no. 10771 of 2000, C.A. (Lawrence Cty. April 24, 2009).

The court granted defendant 20 days to amend, but defendant failed to make any changes to the amended complaint. Davis subsequently filed preliminary objections to the amended complaint, and on September 22, 2009, the court sustained the preliminary objections. In sustaining the demurrer on defendant's strict liability claim, the court stated:

"Defendant has failed to plead facts sufficient to demonstrate that the at-issue ATV was defective. As explained with regard to defendant's negligence claim against Davis, defendant has failed to assert any facts indicating that the law either imposes a prohibition on the supplying of an ATV without a seatbelt or requires a supplier of an ATV to install a previously removed safety device. Therefore, since an ATV is not required by law or otherwise to have a seatbelt installed, the at-issue ATV cannot be found to be defective because it lacks a seatbelt." *Ferris v. Golf Car Supply Co.,* no. 10771 of 2000, C.A. (Lawrence Cty. September 22, 2009).

In sustaining the demurrer on defendant's breach of warranty claim, the court stated that defendant failed to

show that the ATV was not fit for the ordinary purposes for which such vehicles are used. The court reiterated that there was no showing of prohibition on supplying an ATV without a seatbelt. Defendant was granted 20 days to amend, but defendant again chose not to revise the amended complaint.

Following the orders regarding Davis' and Saxon's preliminary objections defendant filed the instant motion for summary judgment on January 20, 2010. The parties filed briefs, and plaintiff offered the affidavit of Frank Ferris. The court held a hearing on defendant's motion for summary judgment on April 26, 2010. In its motion, defendant asks whether this court should apply "the law that it has established in this case with respect to the additional defendants to the original defendant and logically grant the motion for summary judgment in favor of the original defendant." Def.'s br. in supp. of mot. for summ. j., at 4. Defendant adds that this court's April 24, 2009 order specifically references the failure of plaintiffs to demonstrate the existence of a duty to install previously removed seatbelts or of prohibition against supplying an ATV without a seatbelt. According to defendant, if the court applies the same reasoning to plaintiffs as it did to defendant, the court must dismiss plaintiffs' negligence, strict liability, and breach of warranty claims and enter judgment in favor of defendant.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states that:

"After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law.

"(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

"(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

The moving party bears the burden of proving that no genuine issue of material fact exists. *Rush v. Philadelphia Newspapers Inc.,* 732 A.2d 648 650 (Pa. Super. 1999). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the non-moving party." *P.J.S. v. Pennsylvania State Ethics Commission,* 555 Pa. 149, 153, 723 A.2d 174, 176 (1999) (citing *Kapres v. Heller,* 536 Pa. 551, 640 A.2d 888 (1994)) A trial court should only grant a motion for summary judgment when the facts of record are so clear that reasonable minds could not disagree on the outcome. *Basile v. H & R Block Inc.,* 563 Pa. 359, 364, 761 A.2d 1115, 1118 (2000) (citing *Cochran v. GAF Corp.,* 542 Pa. 210, 215, 666 A.2d 245, 248 (1995). It is not the function of the court ruling on a motion for summary judgment to weigh evidence and to determine the truth of the matter. *Keenheel v. Pennsylvania Securities Commission,* 134 Pa. Commw. 494, 504, 579 A.2d 1358, 1363 (1990).

"A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury." *McCarthy v. Dan Lepore & Sons Co. Inc.*, 724 A.2d 938, 940 (Pa. Super. 1998). "[I]f a defendant is the moving party, he may make the showing necessary to support the entrance of summary judgment by pointing to materials which indicate that the plaintiff is unable to satisfy an element of his cause of action." *Basile v. H & R Block Inc.*, 777 A.2d 95, 100 (Pa. Super. 2001). Therefore, if a plaintiff fails to present sufficient evidence of any element of the cause of action, the defendant is entitled to judgment as a matter of law. *Ertel v. Patriot-News Company*, 544 Pa. 93, 101, 674 A 2d 1038, 1042 (1996).

In Count I of plaintiffs' amended complaint, plaintiffs allege that defendant was negligent in removing the seatbelts from the ATV, in selling the ATV without seatbelts and in informing plaintiffs that seatbelts could not be installed. Plaintiffs further allege that defendant's negligence was the direct and proximate cause of Mr. Ferris's injuries. The basic elements of a negligence action are: (1) a duty or obligation recognized by law; (2) a subsequent breach of such duty; (3) an actual injury or damage suffered by the plaintiff; and (4) a casual connection between such injury a damage and the breach of the duty. *Lux v. Gerald E. Ort Trucking Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005). Failure to establish one of the elements of negligence is valid grounds for summary judgment. *McMahon v. Pleasant Valley West Association*, 952 A.2d 731, 735 (Pa. Commw. 2008). "Thus,

as a matter of law, no recovery can lie against a defendant absent a legal duty owed to the injured plaintiff." *Id.*

As stated in previous opinions by this court, nothing has been presented by plaintiffs or defendant indicating that the law either imposes a prohibition on the supplying of an ATV without a seatbelt or requires a supplier of an ATV to install a previously removed safety device[.]" *Ferris v. Golf Car Supply Co.,* No. 10771 of 2000, C.A. (Lawrence Cty. April 24, 2009). Similarly, the court is unable to ascertain the existence of a legal duty to ensure that ATV's contain seatbelts or other safety devices. Because plaintiffs failed to demonstrate that defendant was legally obligated to provide seatbelts with any ATV's sold, defendant is entitled to summary judgment with respect to plaintiffs' negligence claims.

In Count II of the amended complaint, plaintiffs allege that defendant breached numerous express and implied warranties when it sold plaintiffs a defective ATV. According to plaintiffs, defendants assured plaintiffs that the ATV "was free from defects and was suitable for the uses for which it was intended." Pl.'s am. compl. Plaintiffs argue that the breach of these warranties resulted in the injuries to Mr. Ferris. Based on the amended complaint, the court assumes that plaintiffs are alleging breaches of an express warranty and the implied warranty of merchantability.

The Pennsylvania Commercial Code states that express warranties are created as follows:

"(1) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express war-

ranty that the goods shall conform to the affirmation or promise.

"(2) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description." 13 Pa.C.S. §2313(a)(1) and (2).

In order to create an express warranty, the seller must expressly communicate the terms of the warranty to the buyer in such a manner that the buyer understands those terms and accepts them. *Goodman v. PPG Industries Inc.,* 849 A.2d 1239 (Pa. Super. 2004). Thus, breach of an express warranty requires a showing that the seller made an express representation, the product did not perform as warranted, and injury resulted.

According to the amended complaint, defendant created an express warranty when plaintiffs were told that the ATV "was free from defects and was safe and suitable for the uses for which it was intended." Pl.'s am. compl. Plaintiffs do not indicate who made this express statement and in what context it was made. Instead, plaintiffs merely allege that the statement was made and that an express warranty was breached when Mr. Ferris was injured. Such allegations cannot form the basis for a breach of express warranty claim. Plaintiffs do not allege that both parties ever agreed or understood that the lack of seatbelts constituted a defect or rendered the ATV unsuitable for its intended uses. Further, plaintiffs fail to allege that defendant statement formed part of the basis of the bargain. Finally, there is no evidence that the ATV failed to perform as warranted. As a result, plaintiffs failed to present evidence and allege facts supporting a claim for breach of express warranty.

Plaintiffs' amended complaint also appears to contain a claim for breach of the implied warranty of merchantability. That warranty is governed by 13 Pa.C.S. §2314(a), which states that "a warranty that the goods be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." 13 Pa.C.S. §2314 (a). In order for goods to be merchantable, they must be "fit for the ordinary purposes for which such goods are used." 13 Pa.C.S. §2314(b)(3). Plaintiffs presented no evidence indicating that the ATV was not fit for the ordinary purposes for which such goods are used. Furthermore, the court stated in its opinior dated September 22, 2009 that such a claim for breach of the implied warranty of merchantability is invalid because the law neither imposes a prohibition on the supplying of an ATV without a seatbelt nor requires a supplier of an ATV to install a previously removed seatbelt. Because plaintiffs failed to allege sufficient facts to support a claim for breach of warranty, defendant is entitled to summary judgment on plaintiffs' breach of warranty claims.

Count III of plaintiffs' amended complaint contains a strict liability claim under Restatement (2d) of Torts §402A. Plaintiffs assert that defendant is liable under section 402A because defendant sold plaintiffs a defective ATV. The only alleged defect mentioned by plaintiffs is the lack of seatbelts. Plaintiffs claim that the ATV lacked seatbelts at the time that defendant sold it to plaintiffs. Plaintiffs do not, however allege that the lack of seatbelts caused the accident. Instead, they argue that the presence of seatbelts in the ATV would have decreased the severity of Mr. Ferris' injury by preventing his head from striking the ATV's roll bar. As a result, plaintiffs appear to be raising a crashworthiness claim in addition to the

section 402A claim. Because the averments in the amended complaint and Mr. Ferris' affidavit sufficiently alert defendant to the existence of such claims, the court will address both the section 402A theory and the crashworthiness theory. See *Gavula v. ARA Services Inc.,* 756 A 2d 17, 22 (Pa. Super. 2000) (citing *Weiss v. Equibank,* 313 Pa. Super. 446, 460 A.2d 271 (1983) (complaint must simply apprise defendant of nature and extent of claim so that defendant has notice and may meet plaintiff's proof at trial; plaintiff is not obliged to identify legal theory underlying complaint)).

Our Supreme Court adopted section 402A of the Restatement (2d) of Torts in *Webb v. Zern,* 422 Pa. 424, 220 A.2d 853 (1966). Section 402A states:

"(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property if

"(a) the seller is engaged in the business of selling such a product, and

"(b) it is expected to and does reach the user or consumer without a substantial change in the condition in which it is sold." Restatement (2d) of Torts, §402A (1965).

In order to prevail in a section 402A product, liability case, it must be established: "(1) that the product was defective; (2) that the defect existed when it left the hands of the defendant; and (3) that the defect caused the harm." *Davis v. Berwind Corporation,* 433 Pa. Super. 342, 354, 640 A.2d 1289, 1295 (1994) (citing *Berkebile v. Brantly Helicopter Corporation,* 462 Pa. 83, 98, 337 A.2d 893,

898 (1975)). A product is defective when it is lacking "any element necessary to make it safe for its intended use or possessing any [element] that renders it unsafe for the intended use." *Azzarello v. Black Brothers Company Inc.*, 480 Pa. 547, 559, 391 A.2d 1020, 1027 (1978).

The crashworthiness doctrine is a subset of section 402A products liability that often, arises in the context of cases involving motor vehicle accidents. *Colville v. Crown Equipment Corporation*, 809 A.2d 916, 922 (Pa. Super. 2002). The doctrine extends liability beyond the traditional limits of section 402A actions, which only creates liability where the defect was the proximate cause of the injury and also caused the accident. *Id.* (citing *Barris v. Bob's Drag Chutes & Safety Equipment Inc.*, 685 F.2d 94, 99 (3d Cir. 1982)). Manufacturers and sellers of motor vehicles are held liable under a crashworthiness products liability theory where the defect did not cause the accident but instead increased the severity of the injury. *McCown v. International Harvester Company*, 463 Pa. 13, 15, 342 A.2d 381, 382 (1975); *Kupetz v. Deere & Company Inc.*, 435 Pa. Super. 16, 26, 644 A.2d 1213, 1218 (1994). A crashworthiness claim requires proof of the following three elements:

"First, the plaintiff must prove that the design of the vehicle was defective, and that at the time of design an alternative, safer, and practicable design existed that could have been incorporated instead. Second, the plaintiff must identify those injuries he or she would have received [if any] if the alternative had instead been used. Third, the plaintiff must demonstrate what injuries were attributable to the defective design." *Gaudio v. Ford Motor Company*, 976 A.2d 524, 532 (Pa. Super. 2009). (internal citations omitted)

The focus in a crashworthiness case is not on whether a second collision occurred but rather how the vehicle responded to an accident without causing or enhancing injury. *Colville,* 809 A.2d at 924.

As indicated above, section 402A claims require proof of three elements, including a showing that the alleged defect was the cause of the accident and injury. Plaintiffs have presented no evidence and their amended complaint contains no allegations indicating that the lack of seatbelts in the ATV caused Mr. Ferris to collide with the back of his daughter's vehicle. Therefore, plaintiffs have failed to show that the alleged defect caused the accident and, as a result, are unable to satisfy an element of a section 402A products liability cause of action. Consistent with the court's opinion dated September 22, 2009, defendant is entitled to summary judgment on plaintiffs' section 402A strict liability claim.

While plaintiffs failed to satisfy their burden with respect to their section 402A claim, plaintiffs have presented sufficient evidence to support a crashworthiness claim that can survive summary judgment. Plaintiffs demonstrated that a defect in the ATV existed and that a safer and practicable design was available to defendant. As mentioned above, a defect exists when a product is lacking "any element necessary to make it safe for its intended use[.]" *Azzarello,* 480 Pa. at 559, 391 A.2d at 1027. At the time of sale, the ATV lacked seatbelts, which are necessary to ensure the safety of the driver while traveling on different types of terrain. According to the affidavit of Frank Ferris, the manual for the Kawasaki 500 Mule indicates that the ATV was manufactured with seatbelts but that the seatbelts were removed. Therefore, an alternative, safer, and practicable design could have

been achieved by leaving the seatbelts in the ATV or by installing new seatbelts. Plaintiffs also identified the injuries that would have been sustained if the alternative design was used. Mr. Ferris states in his affidavit that he sustained an injury when his head hit the roll bar. According to Mr. Ferris, a seatbelt would have prevented any injury by stopping his head from striking the roll bar. Finally, plaintiffs demonstrated what injuries were attributable to the defective design. Mr Ferris stated that he injured his head on the roll bar when his unrestrained body left the seat of the ATV. As a result, the lack of a seatbelt resulted in a severe head injury to Mr. Ferris. Because plaintiffs satisfied their burden of showing that the lack of seatbelts in the ATV increased the severity of Mr. Ferris's injury, plaintiffs are entitled to submit their crashworthiness claim to a jury.

In reaching this decision, the court does not depart from its September 22, 2009 decision sustaining Davis' preliminary objection to Count II of defendant's amended complaint. Davis argued that defendant failed to state a cognizable claim under section 402A, and the court properly determined that defendant failed to plead sufficient facts to establish a section 402A claim. Defendant's amended complaint contained no indication that defendant intended to assert a crashworthiness claim. Defendant was given the opportunity to amend its amended complaint but chose not to do so. Instead, defendant used the language in this court's prior opinions to attack plaintiffs' amended complaint. Unlike defendant's complaint, however, plaintiffs' amended complaint, supported by Mr. Ferris' affidavit, presented and supported a crashworthiness products liability cause of

action. As such, the court's position in the case at bar is not inconsistent with its September 22, 2009 decision.

Although not identified as a separate section in their amended complaint, plaintiffs also raise a claim for negligent misrepresentation. Plaintiffs allege that, after purchasing the ATV in August of 1997, Mr. Ferris made at least two inquiries as to whether the ATV contained seatbelts or if seatbelts could be installed. Clarence Emery, a sales representative for defendant, told Mr. Ferris that the ATV did not have a seat belt when it was manufactured and that a seatbelt could not be installed. Plaintiffs allege that they relied on Mr. Emery's statements in continuing to use the ATV without installing seatbelts.

Proof of the following elements is required in order to hold a party liable for negligent misrepresentation:

"(1) a misrepresentation of a material fact;

"(2) the representor must either know of the misrepresentation, must make the misrepresentation without the knowledge as to its truth or falsity or must make the representation under circumstances in which he ought to have known of its falsity;

"(3) the representor must intend the representation to induce another to act on it; and

"(4) injury must result to the party acting in justifiable reliance on the misrepresentation." *Halper v. Jewish Family & Children's Service of Greater Philadelphia,* 963 A.2d 1282 1286 (Pa. 2009) (citing *Gibbs v. Ernst,* 538 Pa. 193, 210, 647 A.2d 882, 890 (1994)).

To commit negligent misrepresentation, "the speaker need not know his or her words are untrue, but must have failed to make reasonable investigation of the truth of

those words." *Gibbs,* 538 Pa. at 210, 647 A.2d at 890. Like any negligence action, a duty must be owed by one party to the other. *Bortz v. Noon,* 556 Pa. 489, 501, 729 A.2d 555, 561 (1999). Determining whether a duty exists depends on several factors, including: "(1) the relationship between the parties; (2) the social utility of the actor's conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and (5) the overall public interest in the proposed solution." *Bilt-Rite Contractors Inc. v. The Architectural Studio,* 581 Pa. 454, 472, 866 A.2d 270, 281 (2005) (citing *Althaus ex rel. Althaus v. Cohen,* 562 Pa. 547, 553, 756 A.2d 1166, 1169 (2000)).

After an examination of the *Althaus* factors, the court finds that defendant owed plaintiffs a duty to ensure that material statements regarding the ATV made by its employees were true. Further, plaintiffs have presented sufficient evidence to support a claim of negligent misrepresentation. According to the manual for the Kawasaki Mule 500, Mr. Emery's statement that the ATV was manufactured without a seatbelt and that seatbelts could not be installed constituted a misstatement of material fact. An examination of the manual would have alerted Mr. Emery to the fact that his statement was false. In response to Mr. Emery's statement, Mr. Ferris neglected to return the ATV or have seatbelts installed on it. Instead, Mr. Ferris drove the ATV without seatbelts and sustained a severe head injury in a subsequent accident. Therefore, plaintiffs sufficiently state a cause of action for negligent misrepresentation and are entitled to have their case submitted to a jury.

Because the court is denying, in part, defendant's motion, summary judgment is not appropriate as to plaintiffs' claim for loss of consortium.

## ORDER

And now, July 8, 2010, this court having held oral argument on April 26, 2010 regarding defendant's motion for summary judgment, with James J. Gillespie Jr., Esquire, appearing and representing the plaintiffs, and Mark L. Reilly, Esquire, appearing and representing the defendant, and after a complete and thorough review of the applicable record, the court enters the following order and it is hereby ordered, adjudged, and decreed as follows:

(1) The defendant's motion for summary judgment is granted in part and denied in part as follows:

(a) Summary judgment is granted on plaintiffs' negligence claim.

(b) Summary judgment is granted on plaintiffs' claim for breach of warranty.

(c) Summary judgment is granted on plaintiffs' section 402A strict liability claim.

(d) Summary judgment is denied on plaintiffs' crashworthiness strict liability claim.

(e) Summary judgment is denied on plaintiffs' negligent misrepresentation claim.

(f) Summary judgment is denied on plaintiffs' loss of consortium claim.

(2) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record as contained in the court's file.